IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR GARY LAFRANO and ADAM DOBAN, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> LOANDEPOT, INC.; ANTHONY HSIEH; PATRICK FLANAGAN; NICOLE CARRILLO; ANDREW C. DODSON; JOHN C. DORMAN; BRIAN P. GOLSON; DAWN LEPORE; GOLDMAN SACHS & CO. LLC; BOFA SECURITIES, INC.; CREDIT SUISSE SECURITIES (USA) LLC; MORGAN STANLEY & CO. LLC; BARCLAYS CAPITAL INC.; CITIGROUP GLOBAL MARKETS INC.; JEFFERIES LLC; UBS SECURITIES LLC; WILLIAM BLAIR & COMPANY, L.L.C.; JMP SECURITIES LLC; PIPER SANDLER & CO.; RAYMOND JAMES & ASSOCIATES, INC.; NOMURA SECURITIES INTERNATIONAL, INC.; and AMERIVET SECURITIES, INC., <br><br> Defendants. | Case No. 8:21-cv-01449-JLS-JDE <br><br> **STIPULATION AND AGREEMENT OF SETTLEMENT** <br><br><br> <u>CLASS ACTION</u> |

This Stipulation and Agreement of Settlement dated as of July 26, 2023 ("Stipulation") is entered into between: (a) Lead Plaintiff Arthur Gary LaFrano ("LaFrano" or "Lead Plaintiff") and Additional Plaintiff Adam Doban ("Additional Plaintiff," and together with Lead Plaintiff, "Plaintiffs"), on behalf of themselves and the Settlement Class (defined below); and (b) Defendants loanDepot, Inc. ("loanDepot" or the "Company"); Anthony Hsieh, Patrick Flanagan, Nicole Carrillo, Andrew C. Dodson, John C. Dorman, Brian P. Golson, Dawn Lepore (the "Individual Defendants," and together with loanDepot, the "loanDepot Defendants"); and Goldman Sachs & Co. LLC, BofA Securities, Inc., Credit Suisse Securities (USA) LLC, Morgan Stanley & Co. LLC, Barclays Capital Inc., Citigroup Global Markets Inc., Jefferies LLC, UBS Securities LLC, William Blair & Company, L.L.C., JMP Securities LLC, Piper Sandler & Co., Raymond James & Associates, Inc., Nomura Securities International, Inc., and AmeriVet Securities, Inc. (the "Underwriter Defendants," and together with the loanDepot Defendants, the, "Defendants"), and embodies the terms and conditions of the settlement of the above-captioned action ("Action").[1] Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended to fully, finally, and forever compromise, settle, release, resolve, and dismiss with prejudice the Action and all Released Plaintiffs' Claims (defined below) against Defendants.

WHEREAS:

A.      On September 3, 2021, a putative securities class action complaint was filed in the United States District Court for the Central District of California ("Court"), styled *Eljon Lako v. loanDepot, Inc., et al.*, Case No. 8:21-cv-1449, on behalf of certain purchasers of loanDepot common stock. ECF No. 1.[2]

B.      On September 14, 2021, a second putative securities class action complaint

---

[1] All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in ¶ 1 below.

[2] Unless otherwise specified, "ECF No. _" references are to the docket in the Action.

was filed in the Court, styled *Adam Doban v. loanDepot, Inc., et al.*, Case No. 8:21-cv-1513 (the "*Doban* Action"), on behalf of certain purchasers of loanDepot common stock. *Doban* Action, ECF No. 1.

C. By Order dated May 2, 2022, the Court appointed LaFrano as Lead Plaintiff and approved Lead Plaintiff's selection of Pomerantz LLP as Lead Counsel for the putative class. ECF No. 68. By the same Order, the Court consolidated the Action and the *Doban* Action. *Id.*

D. On June 28, 2022, Plaintiffs filed the Amended Consolidated Class Action Complaint for Violations of the Federal Securities Laws (the "Amended Complaint"). ECF No. 73. The Amended Complaint asserted claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder, and under Sections 11 and 15 of the Securities Act of 1933.

E. On August 24, 2022, Defendants moved to dismiss the Amended Complaint. ECF No. 76. On the same day, Defendants also filed a request for judicial notice. ECF No. 77. On October 11, 2022, Plaintiffs opposed Defendants' motion to dismiss. ECF No. 79. On November 10, 2022, Defendants filed a reply in support of their motion to dismiss. ECF No. 80.

F. By Order dated January 24, 2023, the Court granted in part and denied in part Defendants' motion to dismiss.  ECF No. 82.

G. By Order dated January 25, 2023, the Court administratively closed the *Doban* Action and ordered that all future filings should be in the Action. *Doban* Action, ECF No. 27.

H. After the Court's order granting in part and denying in part Defendants' motion to dismiss, the Parties agreed to discuss the possibility of resolving the Action. After discussing neutral third parties to serve as mediators, the Parties engaged Jed D. Melnick, Esq. of JAMS to assist them as a mediator, and scheduled a mediation session for May 4, 2023. The Parties agreed to stay discovery pending the May 4, 2023 mediation session.

STIPULATION AND AGREEMENT OF SETTLEMENT
CASE NO. 8:21-CV-01449-JLS-JDE

I.      In advance of mediation, the Parties provided Mr. Melnick and each other with detailed submissions addressing their views on liability and damages. The Parties conducted a full-day mediation session on May 4, 2023, but did not reach an agreement to resolve the Action during that session.

J.      Following that mediation session, both Plaintiffs and Defendants served requests for the production of documents.

K.      The Parties continued to engage in settlement discussion with the assistance of Mr. Melnick. Mr. Melnick eventually issued a mediator's proposal to resolve the Action for $3.5 million, which both sides accepted on June 23, 2023.

L.      Thereafter, the Parties memorialized their agreement in principle to settle the Action in a term sheet executed on June 26, 2023 (the "Term Sheet"). The Term Sheet set forth, among other things, the Parties' agreement to settle and release all claims against Defendants in return for a cash payment of $3.5 million for the benefit of the Settlement Class, and contemplated the execution of a customary "long form" settlement agreement and related papers.

M.      On June 26, 2023, the loanDepot Defendants filed the Parties' Joint Stipulation to Stay Proceedings and Vacate Hearings Pending Settlement Approval, which informed the Court that the Parties had reached an agreement in principle to settle the Action and were in the process of memorializing their agreement in a comprehensive written settlement agreement. ECF No. 106.

N.      This Stipulation (together with the exhibits hereto) reflects the final and binding agreement between the Parties and supersedes the Term Sheet.

O.      Based upon their investigation, prosecution, and mediation of the case, Plaintiffs and Lead Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable, and adequate to Plaintiffs and the other members of the Settlement Class, and in their best interests. Based on Plaintiffs' direct oversight of the prosecution of this matter and with the advice of their counsel, Plaintiffs have agreed to settle and release the Released Plaintiffs' Claims pursuant to the terms and provisions

of this Stipulation, after considering, among other things: (a) the financial benefit that Plaintiffs and the other members of the Settlement Class will receive from the proposed Settlement; (b) the significant risks and costs of continued litigation and trial; and (c) the desirability of permitting the proposed Settlement to be consummated as provided by this Stipulation.

P.     This Stipulation constitutes a compromise of all matters that are in dispute between the Parties. Defendants are entering into this Stipulation solely to eliminate the uncertainty, burden, and expense of further protracted litigation. Each of the Defendants denies any wrongdoing, and this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted. Defendants expressly deny that Plaintiffs have asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever. Similarly, this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Plaintiffs of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit.

NOW THEREFORE, it is hereby STIPULATED AND AGREED, by and among Plaintiffs (individually and on behalf of all other members of the Settlement Class) and Defendants, by and through their respective undersigned attorneys and subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Parties from the Settlement, all Released Plaintiffs' Claims as against the Defendants' Releasees and all Released Defendants' Claims as against the Plaintiffs' Releasees shall be settled and released, upon and subject to the terms and conditions set forth below.

## **DEFINITIONS**

1.     As used in this Stipulation and any exhibits attached hereto and made a part

hereof, the following capitalized terms shall have the following meanings:

a.    "Action" means the securities class action styled *Arthur Gary LaFrano v. loanDepot, Inc., et al.*, Case No. 8:21-cv-01449-JLS-JDE (C.D. Cal.).

b.    "Additional Plaintiff" means Adam Doban.

c.    "Alternate Judgment" means a form of final judgment that may be entered by the Court herein but in a form other than the form of Judgment provided for in this Stipulation.

d.    "Amended Complaint" means the Amended Consolidated Class Action Complaint for Violations of the Federal Securities Laws filed by Plaintiffs in the Action on June 28, 2022.

e.    "Authorized Claimant" means a Settlement Class Member who submits a Claim to the Claims Administrator that is approved by the Court for payment from the Net Settlement Fund.

f.    "Claim" means a paper claim submitted on a Proof of Claim Form or an electronic claim that is submitted to the Claims Administrator.

g.    "Claim Form" or "Proof of Claim Form" means the form, substantially in the form attached hereto as Exhibit 4 to Exhibit A, that a Claimant must complete and submit should that Claimant seek to share in a distribution of the Net Settlement Fund.

h.    "Claimant" means a person or entity who or which submits a Claim to the Claims Administrator seeking to be eligible to share in the proceeds of the Net Settlement Fund.

i.    "Claims Administrator" means the firm retained by Lead Counsel, subject to approval of the Court, to provide all notices approved by the Court to potential Settlement Class Members and to administer the Settlement.

j.    "Class Distribution Order" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

k.      "Class Period" means the period between March 16, 2021 and September 22, 2021, inclusive.

l.      "Court" or "District Court" means the United States District Court for the Central District of California.

m.      "Defendants" means the loanDepot Defendants and the Underwriter Defendants.

n.      "Defendants' Counsel" means Gibson, Dunn & Crutcher LLP and Orrick Herrington & Sutcliffe LLP.

o.      "Defendants' Releasees" means Defendants and their current and former parents, affiliates, subsidiaries, officers, directors, agents, successors, predecessors, assigns, heirs, assignees, partnerships, partners, trustees, trusts, employees, Immediate Family members, insurers, reinsurers, and attorneys, in their capacities as such.

p.      "Effective Date" with respect to the Settlement means the first date by which all of the events and conditions specified in ¶ 32 of this Stipulation have been met and have occurred or have been waived.

q.      "Escrow Account" means an account maintained at The Huntington National Bank wherein the Settlement Amount shall be deposited and held in escrow under the control of Lead Counsel.

r.      "Escrow Agent" means The Huntington National Bank.

s.      "Escrow Agreement" means the agreement between Lead Counsel and the Escrow Agent setting forth the terms under which the Escrow Agent shall maintain the Escrow Account.

t.      "Final," with respect to the Judgment or, if applicable, the Alternate Judgment, or any other court order, means: (i) if no appeal is filed, the expiration date of the time provided for filing or noticing any appeal under the Federal Rules of Appellate Procedure, i.e., thirty (30) days after entry of the judgment or order; or (ii) if there is an appeal from the judgment or order, (a) the date of final dismissal of all such

appeals, or the final dismissal of any proceeding on certiorari or otherwise, or (b) the date the judgment or order is finally affirmed on an appeal, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review, and, if certiorari or other form of review is granted, the date of final affirmance following review pursuant to that grant. However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to (i) attorneys' fees, costs, or expenses, or (ii) the plan of allocation of Settlement proceeds (as submitted or subsequently modified), shall not in any way delay or preclude a judgment from becoming Final.

u.   "Immediate Family" means, as defined in 17 C.F.R § 229.404, Instructions 1(a)(iii) and 1(b)(ii), children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, sisters-in-law and any persons (other than a tenant or employee) sharing the household.

v.   "Individual Defendants" means Anthony Hsieh, Patrick Flanagan, Nicole Carrillo, Andrew C. Dodson, John C. Dorman, Brian P. Golson, and Dawn Lepore.

w.   "Judgment" means the final judgment, substantially in the form attached hereto as Exhibit B, to be entered by the Court approving the Settlement.

x.   "Lead Counsel" means Pomerantz LLP.

y.   "Lead Plaintiff" means Arthur Gary LaFrano.

z.   "Litigation Expenses" means the costs and expenses incurred in connection with commencing, prosecuting, and settling the Action (which may include the costs and expenses of Plaintiffs directly related to their representation of the Settlement Class), for which Lead Counsel intend to apply to the Court for payment or reimbursement from the Settlement Fund.

aa.   "loanDepot" or the "Company" means loanDepot, Inc.

bb.   "loanDepot Defendants" means loanDepot and the Individual Defendants.

cc.    "Mediator" means Jed D. Melnick, Esq. of JAMS.

dd.    "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court.

ee.    "Notice" means the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses, substantially in the form attached hereto as Exhibit 2 to Exhibit A, which is to be posted on the Settlement Website and mailed and/or emailed to Settlement Class Members upon request.

ff.    "Notice and Administration Costs" means the costs, fees, and expenses that are incurred by the Claims Administrator and/or Lead Counsel in connection with: (i) providing notices to the Settlement Class; and (ii) administering the Settlement, including but not limited to the Claims process, as well as the costs, fees, and expenses incurred in connection with the Escrow Account.

gg.    "Officer" means an officer as that term is defined in Securities and Exchange Act Rule 16a-1(f), 17 C.F.R § 229.16a-1(f).

hh.    "Parties" means Defendants and Plaintiffs, on behalf of themselves and the Settlement Class.

ii.    "Plaintiffs" means Lead Plaintiff and Additional Plaintiff.

jj.    "Plaintiffs' Counsel" means Lead Counsel and all other legal counsel who, at the direction and under the supervision of Lead Counsel, represented Plaintiffs in the Action.

kk.    "Plaintiffs' Releasees" means Plaintiffs, all other plaintiffs in the Action, and all other Settlement Class Members, and their respective current and former parents, affiliates, subsidiaries, officers, directors, agents, successors, predecessors, assigns, heirs, assignees, partnerships, partners, trustees, trusts, employees, Immediate Family members, insurers, reinsurers, and attorneys, in their capacities as such.

ll.     "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund set forth in the Notice.

mm.     "Postcard Notice" means the postcard notice, substantially in the form attached hereto as Exhibit 1 to Exhibit A, which is to be mailed and/or emailed to Settlement Class Members.

nn.     "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement and directing that notice of the Settlement be provided to the Settlement Class.

oo.     "PSLRA" means the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 77z-1, 78u-4, as amended.

pp.     "Recognized Claim" means a Claim that is approved by the Court for payment from the Net Settlement Fund.

qq.     "Released Claims" means all Released Defendants' Claims and all Released Plaintiffs' Claims.

rr.     "Released Defendants' Claims" means all claims and causes of action against the Plaintiffs' Releasees of every nature and description, whether known claims or Unknown Claims (including waiving the protections of California Civil Code § 1542), whether arising under federal, state, local, common, statutory, administrative or foreign law, or any other law, rule or regulation, at law or in equity, whether class or individual in nature, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, that arise out of or are based upon the institution, prosecution, or settlement of the claims against Defendants. Released Defendants' Claims shall not include any claims relating to the enforcement of the Settlement.

ss.     "Released Plaintiffs' Claims" means all claims and causes of action against the Defendants' Releasees of every nature and description, whether known claims or Unknown Claims (including waiving the protections of California Civil Code § 1542), whether arising under federal, state, local, common, statutory, administrative

or foreign law, or any other law, rule or regulation, at law or in equity, whether class or individual in nature, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, that Plaintiffs or any other member of the Settlement Class: (i) asserted in the Action or (ii) could have been asserted in any court or forum that arise out of or are based upon the allegations, transactions, facts, matters, occurrences, representations, or omissions set forth in the Action, or that in any way relate directly or indirectly to the purchase, sale, or other acquisition or disposition, or holding of loanDepot common stock from February 11, 2021 though the end of the Class Period. Released Plaintiffs' Claims shall not include (i) any claims relating to the enforcement of the Term Sheet or the Settlement; or (ii) any claims that have been or could be asserted derivatively on behalf of loanDepot, including in *Modglin v. Hsieh*, No. 2:22-cv-00462-JLS-JDE (C.D. Cal.); *In re loanDepot, Inc. Stockholder Derivative Litigation*, No. 2:21-cv-08173-JLS-JDE (C.D. Cal.); *Skinner v. Hsieh*, No. 2:22-cv-02087-JLS-JDE (C.D. Cal.); *Johnson v. Hsieh*, No. 8:22-cv-00757-JLS-JDE (C.D. Cal.); *In re LoanDepot, Inc. Derivative Litigation*, 22-cv-320 (D. Del.); *Porter v. Hsieh*, 22-cv-388 (D. Del.); *Park v. Hsieh*, C.A. No. 2023-0698 (Del. Ch.); *Armstrong v. Hsieh*, C.A. No. 2023-0613 (Del. Ch.); or *Aldridge v. Hsieh*, C.A. No. 2023-0753 (Del. Ch.), or (iii) any claims of any person or entity who or which submits a timely and valid request for exclusion from the Settlement Class in accordance with the requirements for requesting exclusion provided in the Notice or that is otherwise accepted by the Court.

tt.     "Releasee(s)" means each and any of the Defendants' Releasees and each and any of the Plaintiffs' Releasees.

uu.     "Releases" means the releases set forth in ¶¶ 5-7 of this Stipulation.

vv.     "Settlement" means the settlement between Plaintiffs and Defendants on the terms and conditions set forth in this Stipulation.

ww.     "Settlement Amount" means $3,500,000 in cash.

xx.     "Settlement Class" means all persons and entities who purchased or otherwise acquired shares of loanDepot's Class A common stock pursuant or traceable

to the Company's registration statement issued in connection with the Company's February 16, 2021 initial public offering, and all persons or entities who purchased or acquired shares of loanDepot's Class A common stock between March 16, 2021 and September 22, 2021, inclusive, and were damaged thereby, excluding: (i) Individual Defendants; (ii) the immediate family members of the Individual Defendants; (iii) the officers and directors of loanDepot during the period beginning February 11, 2021 through the end of the Class Period, and their immediate family members; (iv) any firm, trust, corporation, or other entity in which any Defendant has, or had during the period beginning February 11, 2021 through the end of the Class Period, a majority ownership interest; and (v) the legal representatives, affiliates, heirs, successors-in-interest, or assigns of any such excluded person or entity under clauses (i)-(iv). Also excluded from the Settlement Class are any persons and entities who or which submit a timely and valid request for exclusion from the Settlement Class in accordance with the requirements for requesting exclusion provided in the Notice or that is otherwise accepted by the Court.

yy.    "Settlement Class Member" means each person and entity who or which is a member of the Settlement Class.

zz.    "Settlement Fund" means the Settlement Amount plus any and all interest earned thereon.

aaa.    "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

bbb.    "Summary Notice" means the Summary Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses, substantially in the form attached hereto as Exhibit 3 to Exhibit A, to be published as set forth in the Preliminary Approval Order.

ccc.    "Taxes" means: (i) all federal, state and/or local taxes of any kind (including any interest or penalties thereon) on any income earned by the Settlement Fund; and (ii) the expenses and costs incurred by Lead Counsel in connection with

determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants).

ddd.   "Underwriter Defendants" means Goldman Sachs & Co. LLC, BofA Securities, Inc., Credit Suisse Securities (USA) LLC, Morgan Stanley & Co. LLC, Barclays Capital Inc., Citigroup Global Markets Inc., Jefferies LLC, UBS Securities LLC, William Blair & Company, L.L.C., JMP Securities LLC, Piper Sandler & Co., Raymond James & Associates, Inc., Nomura Securities International, Inc., and AmeriVet Securities, Inc.

eee.   "Unknown Claims" means any Released Plaintiffs' Claims which any Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her, or it, might have materially affected his, her, or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiffs and Defendants shall expressly waive, and each of the other Settlement Class Members shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver

was separately bargained for and a key element of the Settlement.

## CLASS CERTIFICATION

2.      Solely for purposes of the Settlement, Defendants stipulate and agree to: (a) certification of the Action as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class; (b) appointment of Plaintiffs as class representatives for the Settlement Class; and (c) appointment of Lead Counsel as class counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

## PRELIMINARY APPROVAL OF SETTLEMENT

3.      Within five (5) business days of execution of this Stipulation, Plaintiffs will move for preliminary approval of the Settlement, authorization to provide notice of the Settlement to the Settlement Class, and the scheduling of a hearing for consideration of final approval of the Settlement, which motion shall be unopposed by Defendants. Concurrently with the motion for preliminary approval, Plaintiffs shall apply to the Court for, and Defendants shall agree to, entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A.

## RELEASE OF CLAIMS

4.      The obligations incurred pursuant to this Stipulation are in consideration of: (a) the full and final disposition of the Action as against Defendants; and (b) the Releases provided for herein.

5.      Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from

prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

6.      Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against Plaintiffs and the other Plaintiffs' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees.

7.      Notwithstanding ¶¶ 5-6 above, nothing in the Judgment, or the Alternate Judgment, if applicable, shall bar any action by any of the Parties to enforce or effectuate the terms of this Stipulation or the Judgment, or Alternate Judgment, if applicable.

## THE SETTLEMENT CONSIDERATION

8.      In consideration of the settlement of the Released Plaintiffs' Claims against Defendants and the other Defendants' Releasees, loanDepot, on behalf of all Defendants, shall pay or cause to be paid the Settlement Amount into the Escrow Account within twenty (20) calendar days of the Court's entry of the Preliminary Approval Order and Lead Counsel's provision to loanDepot of all documentation and information necessary to execute payment.  No other Defendant shall pay, or be liable to pay, any part of the Settlement Amount.  The Settlement Amount is an all-in settlement number, meaning that it includes all attorneys' fees to Lead Counsel, administrative costs, expenses, Settlement Class Member benefits, Plaintiff awards, and other costs associated with the Settlement. Defendants shall bear their own costs and expenses, including the costs, expenses, and fees of their counsel; the costs of providing their transfer records for purposes of notice (*see* ¶ 19 below); and the costs of providing notice under the Class Action Fairness Act of 2005, 28 U.S.C. §1715(b) (*see* ¶ 20 below).

## USE OF SETTLEMENT FUND

9.     The Settlement Fund shall be used to pay: (a) any Taxes; (b) any Notice and Administration Costs; (c) any Litigation Expenses awarded by the Court; (d) any attorneys' fees awarded by the Court; and (e) any other costs and fees approved by the Court. The balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in ¶¶ 21-26 below.

10.     Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date. All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court. At the written direction of Lead Counsel, the Escrow Account shall invest any funds in the Escrow Account exclusively in instruments or accounts backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, including a United States Treasury Fund or bank account that is either (a) fully insured by the Federal Deposit Insurance Corporation ("FDIC"), or (b) secured by instruments backed by the full faith and credit of the United States Government. The Escrow Agent shall reinvest the proceeds of these instruments or accounts as they mature in similar instruments or accounts at their then-current market rates.

11.     The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that Lead Counsel, as administrators of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund. Lead Counsel shall also be responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund. The

Defendants' Releasees shall not have any liability or responsibility for any such Taxes. Upon written request, Defendants will provide to Lead Counsel the statement described in Treasury Regulation § 1.468B-3(e). Lead Counsel, as administrators of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

12.     All Taxes shall be paid out of the Settlement Fund, and shall be timely paid, or caused to be paid, by Lead Counsel and without further order of the Court. Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein. Defendants' Releasees shall have no responsibility or liability for the acts or omissions of Lead Counsel or their agents with respect to the payment of Taxes, as described herein.

13.     The Settlement is not a claims-made settlement. Upon the occurrence of the Effective Date, no Defendant, Defendants' Releasee, or any other person or entity (including Defendants' insurance carriers) who or which paid any portion of the Settlement Amount shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever, including without limitation, the number of Claims submitted, the collective amount of Recognized Claims of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

14.     Notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, upon the Court's entry of the Preliminary Approval Order, Lead Counsel may pay from the Escrow Account, without further approval from Defendants or further

order of the Court, up to $250,000 for Notice and Administration Costs actually incurred and paid or payable. Following the Effective Date, Lead Counsel may pay from the Settlement Fund, without further approval from Defendants or further order of the Court, all Notice and Administration Costs actually incurred and paid or payable. Notice and Administration Costs shall include, without limitation, the actual costs of printing and mailing the Postcard Notice, developing the Settlement Website and posting the Notice and Claim Form, publishing the Summary Notice, reimbursements to nominee owners for searching and providing the names/addresses of prospective Settlement Class Members for noticing or forwarding the Postcard Notice directly to their beneficial owners, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice and administering the Settlement (including processing the submitted Claims), and the fees, if any, of the Escrow Agent. In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration Costs paid or incurred, including any related fees, shall not be returned or repaid to Defendants, any of the other Defendants' Releasees, or any other person or entity (including Defendants' insurance carriers) who or which paid any portion of the Settlement Amount.

## ATTORNEYS' FEES AND LITIGATION EXPENSES

15.   Lead Counsel will apply to the Court for an award of attorneys' fees to Plaintiffs' Counsel to be paid solely from (and out of) the Settlement Fund. Lead Counsel also will apply to the Court for reimbursement or payment of Plaintiffs' Counsel's Litigation Expenses, which may include a request for reimbursement of Plaintiffs' costs and expenses directly related to their representation of the Settlement Class, to be paid solely from (and out of) the Settlement Fund. Lead Counsel's application for attorneys' fees and/or Litigation Expenses is not the subject of any agreement between Defendants and Plaintiffs other than what is set forth in this Stipulation.

16.   Any attorneys' fees and Litigation Expenses that are awarded by the Court

shall be paid to Lead Counsel immediately upon award, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Lead Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund, plus accrued interest at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or Litigation Expenses is reduced or reversed and such order reducing or reversing the award has become Final. Lead Counsel shall make the appropriate refund or repayment in full no later than thirty (30) days after receiving from Defendants' Counsel or from a court of appropriate jurisdiction notice of any such reduction of the award of attorneys' fees and/or Litigation Expenses by a non-appealable order, or notice of the termination of the Settlement. Any disapproval or modification of an application for an award of attorneys' fees and/or Litigation Expenses by the Court shall not affect the enforceability of this Stipulation, provide any of the Parties with the right to cancel or terminate the Settlement, or impose an obligation on Defendants to increase the compensation paid in connection with the Settlement. Any appeal relating to an award of attorneys' fees or expenses will not affect the finality of the Settlement, the Judgment, or the Releases provided herein.

17.    Lead Counsel shall allocate the attorneys' fees awarded by the Court among Plaintiffs' Counsel in a manner in which they, in good faith, believe reflects the contributions of each counsel to the institution, prosecution, and settlement of the Action. Defendants' Releasees shall have no responsibility for or liability whatsoever with respect to the allocation or award of attorneys' fees or Litigation Expenses. The attorneys' fees and Litigation Expenses that are awarded to Lead Counsel shall be payable solely from the Escrow Account.

## NOTICE AND SETTLEMENT ADMINISTRATION

18.    As part of the Preliminary Approval Order, Lead Counsel shall seek

appointment of a Claims Administrator. The Claims Administrator shall administer the Settlement, including but not limited to the process of receiving, reviewing, and approving or denying Claims, under Lead Counsel's supervision and subject to the jurisdiction of the Court. None of the Defendants, nor any other Defendants' Releasees, shall have any involvement in or any responsibility, authority, or liability whatsoever for the selection of the Claims Administrator, the Plan of Allocation, the administration of the Settlement, the Claims process, or disbursement of the Net Settlement Fund, and shall have no liability whatsoever to any person or entity, including, but not limited to, Plaintiffs, any other Settlement Class Members, or Plaintiffs' Counsel in connection with the foregoing. Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

19. In accordance with the terms of the Preliminary Approval Order to be entered by the Court, Lead Counsel shall cause the Claims Administrator to mail, and/or email, the Postcard Notice to those members of the Settlement Class as may be identified through reasonable effort. Lead Counsel shall also cause the Claims Administrator to post the Notice and Claim Form on the Settlement Website as well as cause the Claims Administrator to have the Summary Notice published in accordance with the terms of the Preliminary Approval Order to be entered by the Court. For the purposes of identifying and providing notice to the Settlement Class, within five (5) business days after the Court's entry of the Preliminary Approval Order, loanDepot shall provide or cause to be provided to the Claims Administrator in electronic format (such as Excel) (at no cost to the Settlement Fund, Plaintiffs, the Settlement Class, Plaintiffs' Counsel or the Claims Administrator) a list (consisting of names and addresses) of registered loanDepot stockholders of record during the period from February 11, 2021 through the end of the Class Period.

20. No later than ten (10) calendar days following the filing of this Stipulation with the Court, Defendants shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715 et seq. ("CAFA"). Defendants are solely responsible for

the costs of the CAFA notice and administering the CAFA notice. At least seven (7) calendar days before the Settlement Hearing, Defendants shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with CAFA § 1715(b). The Parties agree that any delay by Defendants in timely serving the CAFA notice will not provide grounds for delay of the Settlement Hearing or entry of the Judgment.

21. The Claims Administrator shall receive Claims and determine first, whether the Claim is a valid Claim, in whole or part, and second, each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim compared to the total Recognized Claims of all Authorized Claimants (as set forth in the Plan of Allocation set forth in the Notice attached hereto as Exhibit 2 to Exhibit A, or in such other plan of allocation as the Court approves).

22. The Plan of Allocation proposed in the Notice is not a necessary term of the Settlement or of this Stipulation and it is not a condition of the Settlement or of this Stipulation that any particular plan of allocation be approved by the Court. Plaintiffs and Lead Counsel may not cancel or terminate the Settlement (or this Stipulation) based on this Court's or any appellate court's ruling with respect to the Plan of Allocation or any other plan of allocation in this Action. Defendants and the other Defendants' Releasees shall not object in any way to the Plan of Allocation or any other plan of allocation in this Action. No Defendant, nor any other Defendants' Releasees, shall have any involvement with or liability, obligation, or responsibility whatsoever for the application of the Court-approved plan of allocation.

23. Any Settlement Class Member who does not submit a valid Claim will not be entitled to receive any distribution from the Net Settlement Fund, but will otherwise be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or the Alternate Judgment, if applicable, to be entered in the Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against the

Defendants' Releasees with respect to the Released Plaintiffs' Claims in the event that the Effective Date occurs with respect to the Settlement.

24.     Lead Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund subject to Court approval. No Defendant, or any other Defendants' Releasees, shall be permitted to review, contest, or object to any Claim, or any decision of the Claims Administrator or Lead Counsel with respect to accepting or rejecting any Claim for payment. Lead Counsel shall have the right, but not the obligation, to waive what they deem to be formal or technical defects in any Claims submitted in the interests of achieving substantial justice.

25.     For purposes of determining the extent, if any, to which a Settlement Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

a.     Each Claimant shall be required to submit a Claim in paper form, substantially in the form attached hereto as Exhibit 4 to Exhibit A, or in electronic form, in accordance with the instructions for the submission of such Claims, and supported by such documents as are designated therein, including proof of the Claimant's loss, or such other documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable;

b.     All Claims must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the notices. Any Settlement Class Member who fails to submit a Claim by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless by Order of the Court such Settlement Class Member's Claim is accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against any Defendants' Releasees with respect to any Released Plaintiffs' Claim. Provided that it is mailed by

the claim-submission deadline, a Claim Form shall be deemed to be submitted when postmarked, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon. In all other cases, the Claim Form shall be deemed to have been submitted on the date when actually received by the Claims Administrator;

c.     Each Claim shall be submitted to and reviewed by the Claims Administrator who shall determine in accordance with this Stipulation and the plan of allocation the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below as necessary;

d.     Claims that do not meet the submission requirements may be rejected. Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the Claim submitted. The Claims Administrator shall notify, in a timely fashion and in writing, all Claimants whose Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below; and

e.     If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (d) above or a lesser time period if the Claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

26.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, and the Claim will be subject to

investigation and discovery under the Federal Rules of Civil Procedure, provided, however, that such investigation and discovery shall be limited to that Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's Claim. No discovery shall be allowed on the merits of this Action or of the Settlement in connection with the processing of Claims.

27.    Lead Counsel will apply to the Court, on notice to Defendants' Counsel, for a Class Distribution Order: (a) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; (b) approving payment of any unpaid administration fees and expenses associated with the administration of the Settlement from the Escrow Account; and (c) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account.

28.    Payment pursuant to the Class Distribution Order shall be final and conclusive against all Claimants. All Settlement Class Members whose Claims are not approved by the Court for payment shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, to be entered in this Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action against any and all of Defendants' Releasees with respect to any and all of the Released Plaintiffs' Claims.

29.    No person or entity shall have any claim against Plaintiffs, Plaintiffs' Counsel, the Claims Administrator, or any other agent designated by Lead Counsel, or Defendants' Releasees and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or any order of the Court. Plaintiffs and Defendants, and their respective counsel, and Plaintiffs' damages expert and all other Releasees shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the

plan of allocation, or the determination, administration, calculation, or payment of any claim or nonperformance of the Claims Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

30.     All proceedings with respect to the administration, processing and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court. All Settlement Class Members, other Claimants, and Parties to this Stipulation expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

## **TERMS OF THE JUDGMENT**

31.     If the Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel and Defendants' Counsel shall request that the Court enter a Judgment, substantially in the form attached hereto as Exhibit B.

## **CONDITIONS OF SETTLEMENT AND EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION**

32.     The Effective Date of the Settlement shall be deemed to occur on the occurrence or waiver of all of the following events:

a.     the Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A attached hereto, as required by ¶ 3 above;

b.     the Settlement Amount has been deposited into the Escrow Account in accordance with the provisions of ¶ 8 above;

c.     Defendants have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation;

d.     Plaintiffs have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation; and

e.       the Court has approved the Settlement as described herein, following notice to the Settlement Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and entered the Judgment and the Judgment has become Final, or the Court has entered an Alternate Judgment and none of the Parties seek to terminate the Settlement and the Alternate Judgment has become Final.

33.     Upon the occurrence of all of the events referenced in ¶ 32 above, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished and the Releases herein shall be effective.

34.     If (i) Defendants exercise their right to terminate the Settlement as provided in this Stipulation; (ii) Plaintiffs exercise their right to terminate the Settlement as provided in this Stipulation; (iii) the Court disapproves the Settlement; or (iv) the Effective Date as to the Settlement otherwise fails to occur, then:

a.       The Settlement and the relevant portions of this Stipulation shall be canceled and terminated;

b.       Plaintiffs and Defendants shall revert to their respective litigation positions in the Action immediately prior to the execution of the Term Sheet;

c.       Neither Plaintiffs nor Defendants will use or rely on any statement, document, admission, or agreement concerning the Settlement and/or settlement discussions in the Action;

d.       The terms and provisions of this Stipulation, with the exception of this ¶ 34 and ¶¶ 14, 16, 38 and 58, shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any Judgment, or Alternate Judgment, if applicable, or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*; and

e.       Within five (5) business days after joint written notification of termination is sent by Defendants' Counsel and Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest thereon, and change in value as a result of

the investment of the Settlement Fund, and any funds received by Lead Counsel consistent with ¶ 16 above), less any Notice and Administration Costs actually incurred, paid or payable and less any Taxes paid, due or owing shall be refunded by the Escrow Agent to loanDepot (or such other persons or entities as loanDepot may direct). In the event that the funds received by Lead Counsel consistent with ¶ 16 above have not been refunded to the Settlement Fund within the five (5) business days specified in this paragraph, those funds shall be refunded by the Escrow Agent to loanDepot (or such other persons or entities as loanDepot may direct) immediately upon their deposit into the Escrow Account consistent with ¶ 16 above.

35.    It is further stipulated and agreed that Defendants, provided they unanimously agree, and Plaintiffs shall have the right to terminate the Settlement and this Stipulation, by providing written notice of their election to do so ("Termination Notice") to the other Parties to this Stipulation within thirty (30) days of: (a) the Court's final refusal to enter the Preliminary Approval Order in any material respect; (b) the Court's final refusal to approve the Settlement or any material part thereof; (c) the Court's final refusal to enter the Judgment in any material respect as to the Settlement; (d) the date upon which the Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Ninth Circuit or the United States Supreme Court; or (e) the date upon which an Alternate Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Ninth Circuit or the United States Supreme Court, and the provisions of ¶ 34 above shall apply. However, any decision or proceeding, whether in this Court or any appellate court, with respect to an application for attorneys' fees or Litigation Expenses or with respect to any plan of allocation shall not be considered material to the Settlement, shall not affect the finality of any Judgment or Alternate Judgment, if applicable, and shall not be grounds for termination of the Settlement.

36.    In addition to the grounds set forth in ¶ 35 above, loanDepot shall have the unilateral right to terminate the Settlement in the event that Settlement Class Members

timely and validly requesting exclusion from the Settlement Class meet the conditions set forth in the Parties' confidential supplemental agreement ("Supplemental Agreement"), in accordance with the terms of that agreement. The Supplemental Agreement, which is being executed concurrently herewith, shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein and in the Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement) unless the Court otherwise directs or a dispute arises between Plaintiffs and Defendants concerning its interpretation or application, in which event the Parties shall submit the Supplemental Agreement to the Court in camera and request that the Court afford it confidential treatment.

37.     Plaintiffs shall also have the option to terminate the Settlement in the event that the Settlement Amount has not been paid as provided for in ¶ 8 above, by providing written notice of the election to terminate to Defendants' Counsel, unless the entire Settlement Amount is deposited into the Escrow Account within five (5) business days after Lead Counsel have provided such written notice.

## NO ADMISSION OF WRONGDOING

38.     Neither the Term Sheet, this Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the Parties' mediation and subsequent Settlement, the communications and/or discussions leading to the execution of the Term Sheet and this Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, this Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

a.     shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Plaintiffs or the validity or infirmity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in

this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind by any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

b.      shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Amended Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

c.      shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; *provided, however*, that if this Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

## **MISCELLANEOUS PROVISIONS**

39.    All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein. Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

40.    loanDepot warrants, as to the payments made or to be made on behalf of itself only, that at the time of entering into this Stipulation and at the time of such

payment it, or to the best of its knowledge any persons or entities contributing to the payment of the Settlement Amount, were not insolvent, nor will the payment required to be made by or on behalf of them render them insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including §§ 101 and 547 thereof. This representation is made by loanDepot and not by its counsel.

41.     In the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of Defendants to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited into the Settlement Fund by others, then, at the election of Plaintiffs, Plaintiffs and Defendants shall jointly move the Court to vacate and set aside the Releases given and the Judgment or Alternate Judgment, if applicable, entered in favor of Defendants and the other Releasees pursuant to this Stipulation, in which event the Releases and Judgment, or Alternate Judgment, if applicable, shall be null and void, and the Parties shall be restored to their respective positions in the litigation as provided in ¶ 34(b) above and any cash amounts in the Settlement Fund (less any Taxes paid, due or owing with respect to the Settlement Fund and less any Notice and Administration Costs actually incurred, paid or payable) shall be returned as provided in ¶ 34(e) above.

42.     The Parties intend this Stipulation and the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Plaintiffs and any other Settlement Class Members against the Defendants' Releasees with respect to the Released Plaintiffs' Claims. Plaintiffs and Defendants agree that they shall not assert any claims of any violations of Rule 11 of the Federal Rules of Civil Procedure ("Rule 11"), and the proposed Judgment will contain a statement to reflect their compliance with Rule 11. The Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's length and in good faith by the Parties, including through a mediation process supervised and conducted by Jed D. Melnick, Esq. of JAMS, and reflect the Settlement that was reached voluntarily after extensive

negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

43.    Plaintiffs and Lead Counsel and Defendants and Defendants' Counsel shall not make any accusations of wrongful or actionable conduct by any Party concerning the prosecution, defense, and resolution of the Action, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged. For the avoidance of doubt, Defendants and their counsel retain the right to deny that the claims asserted in the Action were meritorious.

44.    The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived, except by a writing signed on behalf of both Plaintiffs and Defendants (or their successors-in-interest).

45.    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

46.    The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses to Lead Counsel and enforcing the terms of this Stipulation, including the Plan of Allocation (or such other plan of allocation as may be approved by the Court) and the distribution of the Net Settlement Fund to Settlement Class Members.

47.    The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

48.    This Stipulation and its exhibits and the Supplemental Agreement constitute the entire agreement among Plaintiffs and Defendants concerning the Settlement and this Stipulation and its exhibits. All Parties acknowledge that no other agreements, representations, warranties, or inducements have been made by any Party hereto concerning this Stipulation, its exhibits or the Supplemental Agreement other than those contained and memorialized in such documents.

49.    This Stipulation may be executed in one or more counterparts, including by

signature transmitted via facsimile, or by a .pdf/.tif image of the signature transmitted via email. All executed counterparts and each of them shall be deemed to be one and the same instrument.

50.     This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Parties, including any and all Releasees and any corporation, partnership, or other entity into or with which any Party hereto may merge, consolidate, or reorganize.

51.     The construction, interpretation, operation, effect, and validity of this Stipulation, the Supplemental Agreement and all documents necessary to effectuate the Settlement shall be governed by the internal laws of California without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

52.     Any action arising under or to enforce this Stipulation, or any portion thereof, shall be commenced and maintained only in the Court.

53.     This Stipulation shall be interpreted in a neutral manner and shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

54.     All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, including the Supplemental Agreement, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

55.     Lead Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final

approval by the Court of the Settlement.

56.   If any Party is required to give notice to another Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or facsimile or email transmission, with confirmation of receipt. Notice shall be provided as follows:

If to Plaintiffs or Lead Counsel:

Pomerantz LLP
Attn:  Jeremy A. Lieberman, Esq.
600 Third Avenue, 20th Floor
New York, NY 10017
Telephone: (212) 661-1100
Email: jlieberman@pomlaw.com

If to Defendants:

Gibson, Dunn & Crutcher LLP
Attn:  Craig Varnen, Esq.
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: (213) 229-7922
Email: cvarnen@gibsondunn.com

-and-

Orrick Herrington & Sutcliffe LLP
Attn:  Jennifer Keighley
51 West 52nd Street
New York, NY 10019-6142
Telephone: (212) 506-3584
Email: jkeighley@orrick.com

57.   Except as otherwise provided herein, each Party shall bear its own costs.

58.   Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, or the Effective Date occurs, the Parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed, and proceedings in connection with the Stipulation confidential.

59.   All agreements made and orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement.

60.     No opinion or advice concerning the tax consequences of the proposed Settlement to individual Settlement Class Members is being given or will be given by the Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation. Each Settlement Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Settlement Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

*[Signature page follows]*

STIPULATION AND AGREEMENT OF SETTLEMENT
CASE NO. 8:21-CV-01449-JLS-JDE

**IN WITNESS WHEREOF**, the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, as of July 26, 2023.

**POMERANTZ LLP**

*/s/ Jeremy A. Lieberman*

Jeremy A. Lieberman
Jonathan D. Park (*Pro Hac Vice*)
Jennifer Pafiti

*Attorneys for Lead Plaintiff Arthur Gary LaFrano, Additional Plaintiff Adam Doban, and Lead Counsel for the Putative Class*

\*\*Pursuant to Civ. L.R. 5-4.3.4, the electronic filer obtained approval from this signatory

**GIBSON, DUNN & CRUTCHER LLP**

*/s/ Craig Varnen*

Craig Varnen
Alexander K. Mircheff
Michael J. Kahn

*Counsel for Defendants loanDepot, Inc.; Anthony Hsieh; Patrick Flanagan; Nicole Carrillo; Andrew C. Dodson; John C. Dorman; Brian P. Golson; and Dawn Lepore*

\*\*Pursuant to Civ. L.R. 5-4.3.4, the electronic filer obtained approval from this signatory

**ORRICK, HERRINGTON & SUTCLIFFE LLP**

*/s/ Darrell S. Cafasso*

James N. Kramer
Alexander K. Talarides
Kevin M. Askew
Darrell S. Cafasso (*Pro Hac Vice*)
Jennifer Keighley (*Pro Hac Vice*)

*Counsel for the Underwriter Defendants*

\*\*Pursuant to Civ. L.R. 5-4.3.4, the electronic filer obtained approval from this signatory

STIPULATION AND AGREEMENT OF SETTLEMENT
CASE NO. 8:21-CV-01449-JLS-JDE

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR GARY LAFRANO and ADAM DOBAN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>LOANDEPOT, INC.; ANTHONY HSIEH; PATRICK FLANAGAN; NICOLE CARRILLO; ANDREW C. DODSON; JOHN C. DORMAN; BRIAN P. GOLSON; DAWN LEPORE; GOLDMAN SACHS & CO. LLC; BOFA SECURITIES, INC.; CREDIT SUISSE SECURITIES (USA) LLC; MORGAN STANLEY & CO. LLC; BARCLAYS CAPITAL INC.; CITIGROUP GLOBAL MARKETS INC.; JEFFERIES LLC; UBS SECURITIES LLC; WILLIAM BLAIR & COMPANY, L.L.C.; JMP SECURITIES LLC; PIPER SANDLER & CO.; RAYMOND JAMES & ASSOCIATES, INC.; NOMURA SECURITIES INTERNATIONAL, INC.; and AMERIVET SECURITIES, INC.,<br><br>Defendants. | Case No. 8:21-cv-01449-JLS-JDE<br><br>**[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE**<br><br>EXHIBIT A |

WHEREAS, Lead Plaintiff Arthur Gary LaFrano and Additional Plaintiff Adam Doban (collectively, "Plaintiffs"), individually and on behalf of the Settlement Class, and loanDepot, Inc. ("loanDepot" or the "Company"); Anthony Hsieh, Patrick Flanagan, Nicole Carrillo, Andrew C. Dodson, John C. Dorman, Brian P. Golson, Dawn Lepore (the "Individual Defendants," and together with loanDepot, the "loanDepot Defendants"); and Goldman Sachs & Co. LLC, BofA Securities, Inc., Credit Suisse Securities (USA) LLC, Morgan Stanley & Co. LLC, Barclays Capital Inc., Citigroup Global Markets Inc., Jefferies LLC, UBS Securities LLC, William Blair & Company, L.L.C., JMP Securities LLC, Piper Sandler & Co., Raymond James & Associates, Inc., Nomura Securities International, Inc., and AmeriVet Securities, Inc. (the "Underwriter Defendants," and together with the loanDepot Defendants, the "Defendants"), have entered into the Stipulation and Agreement of Settlement dated July 26, 2023 (the "Stipulation"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure, and which, together with the exhibits annexed thereto and a separate Confidential Supplemental Agreement executed between the Plaintiffs and the Defendants (the "Supplemental Agreement"), sets forth the terms and conditions for a proposed settlement and dismissal with prejudice of the securities class action pending before this Court entitled *Arthur Gary LaFrano v. loanDepot, Inc., et al.*, Case No. 8:21-cv-01449-JLS-JDE (the "Action"), and the Court having read and considered the Stipulation and the exhibits thereto and submissions made relating thereto, and finding that substantial and sufficient grounds exist for entering this Order; and the Parties having consented to the entry of this Order; and

WHEREAS, unless otherwise defined, all terms used herein have the same meanings as set forth in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED, this ___ day of _____, 2023, that:

1. On a preliminary basis, the Court finds, pursuant to Federal Rule of Civil Procedure 23(1), that it will likely be able to approve the proposed Settlement as fair,

2

reasonable, and adequate under Federal Rule of Civil Procedure 23(e)(2). The Settlement: (a) resulted from arm's-length negotiations overseen by an experienced mediator; and (b) is sufficient to warrant (i) notice thereof as set forth below; and (ii) a full hearing on the Settlement. Accordingly, the Court hereby preliminarily approves the Stipulation and the Settlement set forth therein, subject to further consideration at the Settlement Fairness Hearing described below.

2.     A hearing (the "Settlement Fairness Hearing") shall be held before this Court on _____, 2023, at _:__ _.m. [a date that is at least 100 days from the date of this Order], at the United States District Court, Central District of California, 350 West 1st St., Los Angeles, CA 90012, or remotely per details that will be made publicly available on the Settlement website (www.loandepotsettlement.com) in advance of the Settlement Fairness Hearing, for the following purposes:

> (a)     to determine finally whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;
>
> (b)     to determine finally whether Judgment as provided under the Stipulation should be entered, dismissing the Amended Complaint on the merits and with prejudice, and to determine whether the release of the Released Claims, as set forth in the Stipulation, should be ordered;
>
> (c)     to determine finally whether the proposed Plan of Allocation for the distribution of the Net Settlement Fund is fair and reasonable and should be approved by the Court;
>
> (d)     to consider the application of Lead Counsel on behalf of all Plaintiffs' Counsel for an award of attorneys' fees and expenses, and any application for an award to the Plaintiffs;
>
> (e)     to consider Settlement Class Members' objections, if any, to the Settlement, Plan of Allocation, or application for attorneys' fees and expenses; and

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND NOTICE
CASE NO. 8:21-CV-01449-JLS-JDE

(f)     to rule upon such other matters as the Court may deem appropriate.

3.     The Court may adjourn the Settlement Fairness Hearing without further individual notice to the members of the Settlement Class, and reserves the right to approve the Settlement with such modifications as may be agreed upon or consented to by the Parties and without further notice to the Settlement Class where to do so would not impair Settlement Class Members' rights in a manner inconsistent with Rule 23 and due process of law. The Court may decide to hold the Settlement Fairness Hearing telephonically or by other virtual means without further individual notice. The Court further reserves the right to enter its Judgment approving the Settlement and dismissing the Amended Complaint, on the merits and with prejudice, regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses or made awards to the Plaintiffs.

4.     Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the proposed Settlement, a Settlement Class consisting of all persons and entities who purchased or otherwise acquired shares of loanDepot's Class A common stock pursuant or traceable to the Company's registration statement issued in connection with the Company's initial public offering completed on February 16, 2021 and all persons or entities who purchased or acquired shares of loanDepot's Class A common stock between March 16, 2021 and September 22, 2021, inclusive (the "Class Period"), and were allegedly damaged thereby. Excluded from the Settlement Class are: (i) Individual Defendants; (ii) the immediate family members of the Individual Defendants; (iii) the officers and directors of loanDepot during the period beginning February 11, 2021 through the end of the Class Period and their immediate family members; (iv) any firm, trust, corporation, or other entity in which any Defendant has, or had during the period beginning February 11, 2021 through the end of the Class Period, a majority ownership interest; and (v) the legal representatives, affiliates, heirs, successors-in-interest, or assigns of any such excluded person or entity under clauses (i)-(iv). Also excluded from

the Settlement Class are any persons and entities who or which submit a timely and valid request for exclusion from the Settlement Class in accordance with the requirements for requesting exclusion provided in the Notice or that is otherwise accepted by the Court.

5.     Solely for purposes of the proposed Settlement of this Action, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Plaintiffs in the Action are typical of the claims of the Settlement Class; (d) Plaintiffs and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

6.     The Court hereby finds and concludes that pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Plaintiffs Arthur Gary LaFrano and Adam Doban are adequate class representatives and certifies them as the Class Representatives for the Settlement Class.

7.     The Court also appoints Lead Counsel Pomerantz LLP as Class Counsel for the Settlement Class, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure and for the purposes of the Settlement only. Class Counsel has the authority to enter into the Settlement on behalf of the Settlement Class and has the authority to act on behalf of the Settlement Class with respect to all acts or consents required by or that may be given pursuant to the Stipulation or such other acts that are reasonably necessary to consummate the Settlement.

8.     The Court approves, as to form and content, the Notice of (i) Proposed Settlement of Class Action, (ii) Motion for an Award of Attorneys' Fees and Litigation Expenses, and (iii) Settlement Fairness Hearing (the "Notice"), the Proof of Claim and Release form (the "Claim Form"), the Summary Notice, and the Postcard Notice

annexed hereto as Exhibits A-1, A-2, A-3, and A-4, respectively, and finds that the mailing and distribution of the Postcard Notice and publishing of the Notice, Summary Notice, and Claim Form substantially in the manner and form set forth in ¶¶11-14 of this Order, meet the requirements of Rule 23 and due process, and provides the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons or entities entitled thereto.

9.     The firm of Angeion Group ("Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below.

10.    loanDepot shall provide, or cause to be provided, to Lead Counsel, or the Claims Administrator, within five (5) business days after the Court enters this Order, at no cost to the Settlement Fund, a list, in electronic form, of record holders of loanDepot Stock during the Class Period obtained from loanDepot's present or former transfer agent (consisting of names and addresses, as well as e-mail addresses if available), to the extent that such information is reasonably available. The Parties acknowledge that any information provided, or caused to be provided, by loanDepot pursuant to this paragraph shall be treated as confidential and will be used by Lead Counsel and the Claims Administrator solely to disseminate notice, to apprise Settlement Class Members of the Settlement, and/or to implement the Settlement.

11.    Lead Counsel, through the Claims Administrator, shall commence mailing the Postcard Notice, substantially in the forms annexed hereto, within twenty (20) calendar days after the Court signs this Order (the "Notice Date") by first-class mail to all Settlement Class Members who can be identified with reasonable effort, and cause the Notice and Claim Form to be posted on the Settlement website at www.loandepotsettlement.com.

12.    Not later than ten (10) calendar days after the Notice Date, the Claims Administrator shall cause the Summary Notice to be published once in *Investor's Business Daily* and once over a national newswire service.

13.     At least seven (7) calendar days prior to the Settlement Fairness Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

14.     Lead Counsel, through the Claims Administrator, shall make all reasonable efforts to give notice to nominee owners such as brokers firms and other persons or entities who purchased loanDepot Stock during the Class Period for the benefit of another person of entity. Brokers and other nominees who purchased or otherwise acquired loanDepot Stock for beneficial owners who are Settlement Class Members shall (a) request, within ten (10) calendar days of receipt of notice, copies of the Postcard Notice from the Claims Administrator for such beneficial owners; or (b) send a list of the names, addresses, and email addresses (to the extent available) of such beneficial owners to the Claims Administrator within ten (10) calendar days after receipt of notice. If a nominee elects to send the Postcard Notice to beneficial owners, such nominee is directed to mail the Postcard Notice within ten (10) calendar days of receipt of the additional copies of the Postcard Notice from the Claims Administrator, and upon such mailing, the nominee shall send a statement to the Claims Administrator confirming that the mailing was made as directed, and the nominee shall retain the list of names and addresses for use in connection with any possible future notice to the Settlement Class. Lead Counsel shall, if requested, reimburse banks, brokerage houses, or other nominees solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are Settlement Class Members out of the Settlement Fund, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation.

15.     In order to be entitled to receive a distribution from the Net Settlement Fund after the Effective Date, each Claimant shall take the following action and be subject to the following conditions:

(a)     A properly completed and executed Claim Form must be submitted to the Claims Administrator, at the post office box or electronic

mailbox indicated in the Notice and Claim Form, postmarked no later than ninety (90) calendar days from the Notice Date. Such deadline may be further extended by Order of the Court or in the discretion of Lead Counsel. Each Claim Form shall be deemed to have been submitted when legibly postmarked (if properly addressed and mailed by first-class mail). Any Claim Form submitted in any other manner shall be deemed to have been submitted when it was actually received by the Claims Administrator at the address designated in the Notice.

(b)     The Claim Form submitted by each Claimant must satisfy the following conditions: (i) it must be properly filled out, signed, and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator, or Lead Counsel; (iii) if the person executing the Claim Form is acting in a representative capacity, a certification of his or her current authority to act on behalf of the Claimant must be provided with the Claim Form; and (iv) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c)     Once the Claims Administrator has considered a timely submitted Claim Form, it shall determine whether such Claim is valid, deficient, or rejected. For each Claim determined to be either deficient or rejected, the Claims Administrator shall send a

deficiency letter or rejection letter as appropriate, describing the basis on which the Claim was so determined. Persons or entities that timely submit a Claim Form that is deficient or otherwise rejected shall be afforded a reasonable time (at least twenty (20) calendar days for timely Claim Forms and a lesser reasonable period for untimely Claim Forms, to the extent allowed) to cure such deficiency if it shall appear that such deficiency may be cured.

(d)     For the filing of and all determinations concerning their Claim Form, each Settlement Class Member shall submit to the jurisdiction of the Court.

16.     Any Settlement Class Member who does not timely submit a valid Claim Form shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, but will in all other respects be subject to and bound by the provisions of the Stipulation and the Judgment, if entered. Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not an obligation) to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby, but will bear no liability for failing to accept such late claims.

17.     Any member of the Settlement Class may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by Lead Counsel.

18.     All Settlement Class Members shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, unless such persons or entities request to be excluded, or "opt out," from the Settlement Class. A Settlement Class Member wishing to be excluded from the Settlement Class must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), by first-class mail, or otherwise hand-deliver it, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Fairness Hearing to the address listed in the Notice.

A Request for Exclusion must be signed and must legibly state: (a) the name, address, and telephone number of the person or entity requesting exclusion; (b) the number of shares of loanDepot Stock that the person or entity requesting exclusion (i) owned as of the close of trading on December 21, 2021 and (ii) purchased, acquired, and/or sold from February 11, 2021 through December 21, 2021, inclusive, as well as the dates and prices for each such purchase, acquisition and sale; and (c) that the person or entity wishes to be excluded from the Settlement Class in *Arthur Gary LaFrano v. loanDepot, Inc., et al.*, Case No. 8:21-cv-01449-JLS-JDE (C.D. Cal.). All Settlement Class Members who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or any Judgment. Unless otherwise ordered by the Court, any Settlement Class Member who does not submit a valid and timely written Request for Exclusion as provided by this paragraph shall be bound by the Stipulation.

19.     The Claims Administrator shall cause to be provided to Defendants' Counsel copies of all Requests for Exclusion as expeditiously as possible, but in no event later than three (3) business days of receipt thereof and in any event at least fourteen (14) calendar days before the Settlement Fairness Hearing.

20.     No later than seven (7) calendar days before the Settlement Fairness Hearing, Lead Counsel shall file a list of all persons or entities that have submitted timely Requests for Exclusion with its determinations as to whether any Request for Exclusion was not submitted timely.

21.     Any Settlement Class Member who or which does not request exclusion from the Settlement Class may file a written objection to the Settlement, the Plan of Allocation, and/or Lead Counsel's request for an award of attorneys' fees and expenses, including an award to the Plaintiffs under 15 U.S.C. §78u-4(a)(4), only if such comments or objections and any supporting papers are submitted to the Court either by mailing them to the Clerk of the Court, United States District Court, Central District of

California, 350 West 1st St., Los Angeles, CA 90012, or by filing them in person at any location of the United States District Court for the Central District of California. Such comments or objections must be received or filed, not simply postmarked, at least twenty-one (21) calendar days prior to the Settlement Fairness Hearing. Attendance at the Settlement Fairness Hearing is not necessary but any person or entity wishing to be heard orally in opposition to the Settlement, the Plan of Allocation, or the application for attorneys' fees and expenses or awards to the Plaintiffs is required to indicate in their written objection whether they intend to appear at the Settlement Fairness Hearing.

22.    Any Settlement Class Member who or which does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses and appear and show cause, if he, she, or it has any cause, why the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses should not be approved; provided, however, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation, and/or the motion for attorneys' fees and Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Lead Counsel and Defendants' Counsel at the addresses set forth below such that they are received no later than twenty-one (21) calendar days prior to the Settlement Hearing.

23.    Any objections, filings, and other submissions by the objector must: (a) identify the case name and docket number (*Arthur Gary LaFrano v. loanDepot, Inc., et al.*, Case No. 8:21-cv-01449-JLS-JDE); (b) state the name, address, and telephone number of the person or entity objecting, and if represented by counsel, the name, address, and telephone number of such counsel, and must be signed by the objector; (c) state with specificity the grounds for the objection, including any legal and evidentiary support the objector wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire

Settlement Class; and (d) include documentation establishing the objector's membership in the Settlement Class, including the number of shares of loanDepot Stock that the objector (i) owned as of the close of trading on December 21, 2021, and (ii) purchased, acquired, and/or sold from February 11, 2021 through December 21, 2021, as well as the dates and prices for each such purchase, acquisition and sale. The objection must identify all other class action settlements the objector or his, her, or its counsel has previously objected to; copies of any papers, briefs, or other documents upon which the objection is based; and the objector's signature, even if represented by counsel. Any member of the Settlement Class who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the Settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses to Lead Counsel, or awards to the Plaintiffs, unless otherwise ordered by the Court. Settlement Class Members do not need to appear at the Settlement Fairness Hearing or take any other action to indicate their approval.

24.     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

25.     All opening briefs and supporting documents in support of the Settlement, the Plan of Allocation, and any application by Lead Counsel for attorneys' fees and expenses and awards to the Plaintiffs shall be filed and served no later than thirty-five (35) calendar days before the Settlement Fairness Hearing. Replies to any objections shall be filed and served at least seven (7) calendar days prior to the Settlement Fairness Hearing.

26.     Defendants' Releasees shall have no responsibility for the Plan of Allocation or any application for attorneys' fees or expenses submitted by Lead Counsel. Any order or proceeding relating to the Plan of Allocation or any application for

12

attorneys' fees or expenses, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the settlement of the Action.

27.    At or after the Settlement Fairness Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees or payment of expenses, shall be approved.

28.    All reasonable expenses incurred in identifying and notifying Settlement Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation.

29.    Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by the Defendants of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind.

30.    If the Stipulation and the Settlement set forth therein is terminated, or is otherwise not approved or consummated for any reason whatsoever, the Stipulation and Settlement and all proceedings had in connection therewith shall be without prejudice to the rights of the Parties *status quo ante*.

31.    Pending final determination of whether the proposed Settlement should be approved, neither the Plaintiffs, nor any Settlement Class Member, directly or indirectly, representatively, or in any other capacity, shall commence or prosecute against any of the Defendants' Releasees any action or proceeding in any court or tribunal asserting any of the Released Plaintiffs' Claims.

32.    The Court's orders entered during this Action relating to the confidentiality of information shall survive this Settlement.

1    IT IS SO ORDERED.

2

3    DATED: _____ _____

4                                     THE HONORABLE JOSEPHINE L. STATON
                                       UNITED STATES DISTRICT JUDGE
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR GARY LAFRANO and ADAM DOBAN, Individually and on Behalf of All Others Similarly Situated, | Case No. 8:21-cv-01449-JLS-JDE |
| Plaintiffs, | **NOTICE OF (I) PROPOSED SETTLEMENT; (II) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND LITIGATION EXPENSES; AND (III) SETTLEMENT FAIRNESS HEARING** |
| v. | |
| LOANDEPOT, INC.; ANTHONY HSIEH; PATRICK FLANAGAN; NICOLE CARRILLO; ANDREW C. DODSON; JOHN C. DORMAN; BRIAN P. GOLSON; DAWN LEPORE; GOLDMAN SACHS & CO. LLC; BOFA SECURITIES, INC.; CREDIT SUISSE SECURITIES (USA) LLC; MORGAN STANLEY & CO. LLC; BARCLAYS CAPITAL INC.; CITIGROUP GLOBAL MARKETS INC.; JEFFERIES LLC; UBS SECURITIES LLC; WILLIAM BLAIR & COMPANY, L.L.C.; JMP SECURITIES LLC; PIPER SANDLER & CO.; RAYMOND JAMES & ASSOCIATES, INC.; NOMURA SECURITIES INTERNATIONAL, INC.; and AMERIVET SECURITIES, INC., | EXHIBIT A-1 |
| Defendants. | |

*A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

**NOTICE OF PENDENCY OF CLASS ACTION: Please be advised that your rights may be affected by the above-captioned class action lawsuit pending in this Court (the "Action") if you purchased or otherwise acquired the publicly traded common stock of loanDepot, Inc. ("loanDepot") (i) pursuant or traceable to the Company's registration statement issued in connection with the Company's initial public offering completed on February 16, 2021 or (ii) between March 16, 2021 and September 22, 2021, inclusive (the "Class Period").**

**NOTICE OF SETTLEMENT: Please also be advised that the Lead Plaintiff Arthur Gary LaFrano and Additional Plaintiff Adam Doban (collectively, "Plaintiffs"), on behalf of the Settlement Class (as defined in ¶1 below), have reached a proposed settlement of the Action for a total of $3.5 million in cash that will resolve all claims in the Action (the "Settlement").**

**This Notice explains important rights you may have, including your possible receipt of cash from the Settlement.[1] If you are a Settlement Class Member, your legal rights will be affected whether or not you act. Please read this Notice carefully!**

     1.    **Description of the Action and the Settlement Class**: This Notice relates to a proposed Settlement of a class action lawsuit pending against Defendants loanDepot, Inc. ("loanDepot" or the "Company"); Anthony Hsieh, Patrick Flanagan, Nicole Carrillo, Andrew C. Dodson, John C. Dorman, Brian P. Golson, Dawn Lepore (the "Individual Defendants," and together with loanDepot, the "loanDepot Defendants"); and Goldman Sachs & Co. LLC, BofA Securities, Inc., Credit Suisse Securities (USA) LLC, Morgan Stanley & Co. LLC, Barclays Capital Inc., Citigroup Global Markets Inc., Jefferies LLC, UBS Securities LLC, William Blair & Company, L.L.C., JMP Securities LLC, Piper Sandler & Co., Raymond James & Associates, Inc., Nomura Securities International, Inc., and AmeriVet Securities, Inc. (the "Underwriter Defendants," and together with the loanDepot Defendants, the "Defendants"). Defendants are collectively, with Plaintiffs, the "Parties." The proposed Settlement, if approved by the Court, will apply to the following Settlement Class (the "Settlement Class"): (i) all persons and entities who purchased or otherwise acquired shares of

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation and Agreement of Settlement dated July 26, 2023 (the "Stipulation"), which is available on the Settlement website, www.loandepotsettlement.com.

NOTICE OF (I) PROPOSED SETTLEMENT; (II) MOTION FOR ATTYS' FEES AND EXPENSES; AND (III) SETTLEMENT FAIRNESS HEARING
CASE NO. 8:21-CV-01449-JLS-JDE

loanDepot's Class A common stock ("loanDepot Stock") pursuant or traceable to the Company's registration statement (the "Registration Statement") issued in connection with the Company's initial public offering completed on February 16, 2021 (the "IPO") and (ii) all persons or entities who purchased or acquired shares of loanDepot Stock between March 16, 2021 and September 22, 2021, inclusive (the "Class Period"), and were damaged thereby. Excluded from the Settlement Class are: (i) Individual Defendants; (ii) the immediate family members of the Individual Defendants; (iii) the officers and directors of loanDepot during the period beginning February 11, 2021 through the end of the Class Period and their immediate family members; (iv) any firm, trust, corporation, or other entity in which any Defendant has, or had during the period beginning February 11, 2021 through the end of the Class Period, a majority ownership interest; and (v) the legal representatives, affiliates, heirs, successors-in-interest, or assigns of any such excluded person or entity under clauses (i)-(iv). Also excluded from the Settlement Class are any persons and entities who or which submit a timely and valid request for exclusion from the Settlement Class in accordance with the requirements for requesting exclusion provided in the Notice or that is otherwise accepted by the Court. Anyone with questions as to whether or not they are excluded from the Settlement Class may call the Claims Administrator toll-free at (855) 999-9077.

2.     **Statement of Settlement Class's Recovery**: Subject to Court approval, and as described more fully in ¶¶13-23 and 25-27 below, Plaintiffs, on behalf of the Settlement Class, have agreed to settle all Released Plaintiffs' Claims (as defined in ¶64 below) against Defendants and other Defendants' Releasees (as defined in ¶62 below) in exchange for a settlement payment of $3.5 million in cash (the "Settlement Amount") to be deposited into an escrow account. The Net Settlement Fund (the Settlement Fund less Taxes and Tax Expenses, Notice and Administration Costs, and attorneys' fees and litigation expenses and awards to the Plaintiffs) will be distributed in accordance with a plan of allocation (the "Plan of Allocation") to be approved by the Court, which will determine how the Net Settlement Fund shall be distributed to members of the Settlement Class. The Plan of Allocation is a basis for determining the relative positions of Settlement Class Members for purposes of allocating the Net Settlement Fund. The proposed Plan of Allocation is included in this Notice and may be modified by the Court without further notice.

3.     **Statement of Average Recovery Per Share**: The "Settlement Fund" consists of the $3.5 million Settlement Amount plus any and all interest earned thereon. Assuming all potential Settlement Class Members elect to participate, the estimated average recovery is $0.37 per damaged share before the deduction of fees and expenses. Settlement Class Members may recover more or less than this amount depending on, among other factors, the aggregate value of the Recognized Claims represented by valid and acceptable Claim Forms, as explained in the Plan of Allocation below; when their

3

shares were purchased or otherwise acquired and the price at the time of purchase or acquisition; whether the shares were sold and, if so, when they were sold and for how much. In addition, the actual recovery of Settlement Class Members may be further reduced by the payment of fees and costs from the Settlement Fund, as approved by the Court.

4.     **Statement of the Parties' Position on Damages**: Defendants deny all claims of fault, liability, wrongdoing, or damages whatsoever, deny that they engaged in any wrongdoing, deny that they are liable to Plaintiffs and/or the Settlement Class, and deny that Plaintiffs or other members of the Settlement Class suffered any damages, or that Plaintiffs or the Settlement Class were harmed by the conduct alleged in the Action or that they could have alleged as part of the Action. Moreover, the Parties do not agree on the amount of recoverable damages if Plaintiffs were to prevail on each of the claims. The issues on which the Parties disagree include, but are not limited to: (i) whether the statements made or facts allegedly omitted were material, false, or misleading; (ii) whether the statements were made with intent to deceive, manipulate, or defraud investors; (iii) whether Defendants are otherwise liable under the securities laws for those statements or omissions or any alleged scheme to defraud; and (4) whether all or part of the damages allegedly suffered by members of the Settlement Class were caused by economic conditions or factors other than the allegedly false or misleading statements or omissions.

5.     **Statement of Attorneys' Fees and Expenses Sought**: Lead Counsel will apply to the Court, on behalf of all Plaintiffs' Counsel, for an award of attorneys' fees from the Settlement Fund of no more than 28% of the Settlement Amount, plus interest earned at the same rate and for the same period as earned by the Settlement Fund. In addition, Lead Counsel also will apply to the Court for payment from the Settlement Fund for Plaintiffs' Counsel's litigation expenses (reasonable expenses or costs of Plaintiffs' Counsel in connection with commencing and prosecuting the Action), in a total amount not to exceed $90,000, plus interest earned at the same rate and for the same period as earned by the Settlement Fund. If the Court approves Lead Counsel's fee and expense application, the estimated average cost per damaged share is $0.11. In addition, Lead Counsel may apply for awards to Plaintiffs in connection with their representation of the Settlement Class in an amount not to exceed $10,000, combined.

6.     **Identification of Attorneys' Representatives**: Plaintiffs and the Settlement Class are being represented by Pomerantz LLP ("Lead Counsel") and The Schall Law Firm. Any questions regarding the Settlement should be directed to Jeremy Lieberman, Esq. at Pomerantz LLP, 600 Third Avenue, 20th Floor, New York, NY 10016, (212) 661-1100, jalieberman@pomlaw.com.

4

NOTICE OF (I) PROPOSED SETTLEMENT; (II) MOTION FOR ATTYS' FEES AND EXPENSES; AND (III) SETTLEMENT FAIRNESS HEARING
CASE NO. 8:21-CV-01449-JLS-JDE

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT | |
|---|---|
| DO NOTHING | Get no payment. Remain a Settlement Class Member. Give up your rights. |
| REMAIN A MEMBER OF THE SETTLEMENT CLASS AND SUBMIT A CLAIM FORM **POSTMARKED NO LATER THAN [_____], 2023** | This is the only way to be potentially eligible to receive a payment. If you wish to obtain a payment as a member of the Settlement Class, you will need to submit a claim form (the "Claim Form"), which is included with this Notice, postmarked no later than _____ __, 2023. |
| EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS (OPT OUT) BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS **_RECEIVED_ NO LATER THAN [_____], 2023** | Receive no payment pursuant to this Settlement. This is the only option that allows you to ever potentially be part of any other lawsuit against any of the Defendants or the other Defendants' Releasees concerning the Released Plaintiffs' Claims. Should you elect to exclude yourself from the Settlement Class, you should understand that Defendants and the other Defendants' Releasees will have the right to assert any and all defenses they may have to any claims that you may seek to assert, including, without limitation, the defense that any such claims are untimely under applicable statutes of limitations and statutes of repose. |

NOTICE OF (I) PROPOSED SETTLEMENT; (II) MOTION FOR ATTYS' FEES AND EXPENSES; AND (III) SETTLEMENT FAIRNESS HEARING
CASE NO. 8:21-CV-01449-JLS-JDE

| OBJECT TO THE SETTLEMENT SO THAT IT IS *RECEIVED* NO LATER THAN [_____], 2023 | Write to the Court about your view of the Settlement, the Plan of Allocation, or the request for attorneys' fees and litigation expenses, or why you don't think the Settlement, the Plan of Allocation, and/or the request for attorneys' fees and litigation expenses is fair to the Settlement Class.<br><br>If you do not exclude yourself from the Settlement Class, you may object. You must still submit a Claim Form in order to be potentially eligible to receive any money from the Settlement Fund. |
| GO TO THE HEARING ON [_____], 2023, AT __:__ _.m., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN [_____], 2023 | Ask to speak in Court about the fairness of the Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and litigation expenses. |

| WHAT THIS NOTICE CONTAINS | |
|---|---|
| Why Did I Get This Notice? | Page __ |
| What Is This Case About? What Has Happened So Far? | Page __ |
| How Do I Know If I Am Affected By The Settlement? | Page __ |
| What Are Plaintiffs' Reasons For The Settlement? | Page __ |
| What Might Happen If There Were No Settlement? | Page __ |
| How Much Will My Payment Be? | Page __ |
| What Rights Am I Giving Up By Agreeing To The Settlement? | Page __ |
| What Payment Are The Attorneys For The Settlement Class Seeking?<br>How Will The Lawyers Be Paid? | Page __ |
| How Do I Participate In The Settlement?<br>What Do I Need To Do? | Page __ |
| What If I Do Not Want To Be A Part Of The Settlement?<br>How Do I Exclude Myself? | Page __ |
| When And Where Will The Court Decide Whether To Approve The Settlement? Do I Have To Come To The Hearing? | Page __ |

| May I Speak At The Hearing If I Don't Like The Settlement? | |
| What If I Bought Shares On Someone Else's Behalf? | Page __ |
| Can I See The Court File? Whom Should I Contact If I Have Questions? | Page __ |

## WHY DID I GET THIS NOTICE?

7.     The purpose of this Notice is to inform you about: (a) this Action, (b) the terms of the proposed Settlement, and (c) your rights in connection with a hearing to be held before the United States District Court, Central District of California (the "Court"), on _____, 2023, at____ _.m., to consider the fairness, reasonableness, and adequacy of the Settlement and related matters. This Notice also describes the steps to be taken by those who wish to be excluded from the Settlement Class and, for those who remain Settlement Class Members, the steps necessary to seek to be potentially eligible to share in the distribution of the Net Settlement Fund in the event the Settlement is approved by the Court. (For more information on excluding yourself from the Settlement Class, please read "What If I Do Not Want To Be A Part Of The Settlement? How Do I Exclude Myself?" located below.)

8.     A class action is a type of lawsuit in which the claims of a number of individuals are resolved together, thus providing the class members with both consistency and efficiency. In a class action lawsuit, the Court selects one or more people, known as class representatives, to sue on behalf of all people with similar claims, commonly known as the class or the class members.

9.     The Court in charge of this case is the United States District Court for the Central District of California, and the case is known as *Arthur Gary LaFrano v. loanDepot, Inc., et al.*, Case No. 8:21-cv-01449-JLS-JDE. The judge presiding over this case is the Honorable Josephine L. Staton, United States District Judge. The people who are suing are called the Plaintiffs, and those who are being sued are called Defendants. In this case, the Defendants are loanDepot; Anthony Hsieh, Patrick Flanagan, Nicole Carrillo, Andrew C. Dodson, John C. Dorman, Brian P. Golson, Dawn Lepore (the "Individual Defendants," and together with loanDepot, the "loanDepot Defendants"); and Goldman Sachs & Co. LLC, BofA Securities, Inc., Credit Suisse Securities (USA) LLC, Morgan Stanley & Co. LLC, Barclays Capital Inc., Citigroup Global Markets Inc., Jefferies LLC, UBS Securities LLC, William Blair & Company, L.L.C., JMP Securities LLC, Piper Sandler & Co., Raymond James & Associates, Inc., Nomura Securities

7

NOTICE OF (I) PROPOSED SETTLEMENT; (II) MOTION FOR ATTYS' FEES AND EXPENSES; AND (III) SETTLEMENT FAIRNESS HEARING
CASE NO. 8:21-CV-01449-JLS-JDE

International, Inc., and AmeriVet Securities, Inc. (the "Underwriter Defendants," and together with the loanDepot Defendants, the "Defendants").

10.     This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them. It also is being sent to inform you of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the proposed Settlement, the proposed Plan of Allocation, and the application by Lead Counsel for attorneys' fees and litigation expenses (the "Settlement Fairness Hearing").

11.     The Settlement Fairness Hearing will be held on _____, 2023, at _____ _.m., before the Honorable Josephine L. Staton, at the United States District Court, Central District of California, 350 West 1st St., Los Angeles, CA 90012, or remotely per details that will be made publicly available on the Settlement website (www.loandepotsettlement.com) in advance of the Settlement Fairness Hearing, for the following purposes:

(a)     to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate and should be approved by the Court;

(b)     to determine whether the Judgment as provided for under the Stipulation and Agreement of Settlement dated July 26, 2023 (the "Stipulation") should be entered;

(c)     to determine whether the proposed Plan of Allocation for the net proceeds of the Settlement is fair and reasonable and should be approved by the Court;

(d)     to determine whether the application by Lead Counsel for an award of attorneys' fees and litigation expenses should be approved; and

(e)     to rule upon such other matters as the Court may deem appropriate.

12.     This Notice does not express any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement, payments to Authorized Claimants will be made after any appeals are resolved, and after the completion of all claims processing. This process takes time. Please be patient.

## WHAT IS THIS CASE ABOUT? WHAT HAS HAPPENED SO FAR?

13.     This Action arises under Sections 11 and 15 of the Securities Act of 1933 (the "Securities Act") against all Defendants and under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") against Defendants loanDepot and Hsieh, and alleges that during the Class Period, Defendants made materially false and misleading statements about loanDepot's underwriting practices, among other things, that allegedly inflated the price of loanDepot Stock. Plaintiffs also allege that the Registration Statement was inaccurate and misleading, contained untrue statements of material facts, omitted to state other facts necessary to make the statements made not misleading, and omitted to state material facts required to be stated therein.

14.     Plaintiffs allege that Defendants' misrepresentations or omissions artificially inflated the price of loanDepot Stock and that, when the true facts were revealed, the artificial inflation was removed from the price of loanDepot Stock, causing the price to drop and damage to members of the Settlement Class.

15.     On September 3, 2021, Eljon Lako filed a putative class action complaint styled as *Lako v. loanDepot, Inc.*, No. 8:21-cv-1449, alleging violations of federal securities laws against Defendants in the United States District Court for the Central District of California. ECF No. 1. On September 14, 2021, Adam Doban filed a putative class action complaint styled as *Doban v. loanDepot, Inc.*, No. 8:21-cv-1513, alleging violations of federal securities laws against Defendants, also in the United States District Court for the Central District of California. On May 2, 2022, the Court entered an order consolidating the two putative class actions, appointing Arthur Gary LaFrano as Lead Plaintiff, and approving his selection of Pomerantz LLP as Lead Counsel. ECF No. 68.

16.     On June 28, 2022, Plaintiffs filed the Amended Consolidated Class Action Complaint for Violations of the Federal Securities Laws (the "Amended Complaint"). ECF No. 73. The Amended Complaint asserted claims under Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5 promulgated thereunder against loanDepot, Hsieh, and Flanagan. The Amended Complaint also asserted claims under Sections 11 and 15 of the Securities Act against Defendants.

17.     On August 24, 2022, Defendants moved to dismiss the Amended Complaint. ECF No. 76. On the same day, Defendants also filed a request for judicial notice. ECF No. 77. On October 11, 2022, Plaintiffs opposed Defendants' motion to dismiss. ECF No. 79. On November 10, 2022, Defendants filed a reply in support of their motion to dismiss. ECF No. 80. By Order dated January 24, 2023, the Court granted in part and denied in part Defendants' motion to dismiss.

9

ECF No. 82. By Order dated January 25, 2023, the Court administratively closed the *Doban* Action and ordered that all future filings should be in the Action. *Doban* Action, ECF No. 27.

18.     After the Court's order granting in part and denying in part Defendants' motion to dismiss, the Parties agreed to discuss the possibility of resolving the Action. After discussing neutral third parties to serve as mediators, the Parties engaged Jed D. Melnick, Esq. of JAMS to assist them as a mediator, and scheduled a mediation session for May 4, 2023.

19.     In advance of mediation, the Parties provided Mr. Melnick and each other with detailed submissions addressing their views on liability and damages. The Parties conducted a full-day mediation session on May 4, 2023, but did not reach an agreement to resolve the Action during that session. Following that mediation session, both Plaintiffs and Defendants served requests for the production of documents.

20.     The Parties continued to engage in settlement discussion with the assistance of Mr. Melnick. Mr. Melnick eventually issued a mediator's proposal to resolve the Action for $3.5 million, which both sides accepted on June 23, 2023.

21.     Thereafter, the Parties memorialized their agreement-in-principle to settle the Action in a term sheet executed on June 26, 2023 (the "Term Sheet"). The Term Sheet set forth, among other things, the Parties' agreement to settle and release all claims against Defendants in return for a cash payment of $3.5 million for the benefit of the Settlement Class, and contemplated the execution of a customary "long form" settlement agreement and related papers.

22.     On June 26, 2023, the loanDepot Defendants filed the Parties' Joint Stipulation to Stay Proceedings and Vacate Hearings Pending Settlement Approval, which informed the Court that the Parties had reached an agreement in principle to settle the Action and were in the process of memorializing their agreement in a comprehensive written settlement agreement. ECF No. 106. On July 11, 2023, the Court so-ordered this joint stipulation, staying all proceedings and ordering that Plaintiffs will file a motion for preliminary approval of the Settlement on or by July, 26, 2023. ECF No. 108.

23.     On July 26, 2023, the Parties finalized and executed the Stipulation of Settlement, agreeing to settle the Action for $3.5 million.

## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

24.    If you are a member of the Settlement Class, you will be affected by the Settlement unless you timely request to be excluded. The Settlement Class consists of all persons and entities who purchased or otherwise acquired loanDepot Stock[2] during the Class Period, or who purchased or otherwise acquired loanDepot Stock traceable to the Registration Statement filed in connection with loanDepot's initial public offering completed on February 16, 2021, and were allegedly damaged thereby. Excluded from the Settlement Class are: (i) Individual Defendants; (ii) the immediate family members of the Individual Defendants; (iii) the officers and directors of loanDepot during the period beginning February 11, 2021 through the end of the Class Period and their immediate family members; (iv) any firm, trust, corporation, or other entity in which any Defendant has, or had during the period beginning February 11, 2021 through the end of the Class Period, a majority ownership interest; and (v) the legal representatives, affiliates, heirs, successors-in-interest, or assigns of any such excluded person or entity under clauses (i)-(iv). Also excluded from the Settlement Class are any persons and entities who or which properly exclude themselves by filing a valid and timely request for exclusion. Anyone with questions as to whether or not they are excluded from the Settlement Class may call the Claims Administrator toll-free at (855) 999-9077. (*See* "What If I Do Not Want To Be A Part Of The Settlement? How Do I Exclude Myself?," below.)

> RECEIPT OF THIS NOTICE DOES NOT NECESSARILY MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU ARE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT. IF YOU WISH TO BE POTENTIALLY ELIGIBLE TO RECEIVE A DISTRIBUTION OF THE SETTLEMENT PROCEEDS, YOU MUST COMPLETE, SIGN AND SUBMIT THE ENCLOSED CLAIM FORM POSTMARKED NO LATER THAN [_____], 2023.

### WHAT ARE PLAINTIFFS' REASONS FOR THE SETTLEMENT?

25.    Plaintiffs and Lead Counsel believe that the claims asserted against Defendants have merit. Plaintiffs and Lead Counsel recognize, however, the expense and length of continued proceedings necessary to pursue the claims against Defendants through trial and appeals, as well as the difficulties in

---

[2] During the Class Period, loanDepot Stock was listed on the New York Stock Exchange under the ticker symbol "LDI".

11

establishing liability and damages. Plaintiffs and Lead Counsel have considered the amount of the Settlement, as well as the uncertain outcome and risk in complex lawsuits like this one. Such risks include, among others, the risk that Plaintiffs would be unsuccessful in proving that Defendants' alleged misstatements were materially false and misleading, made with scienter (that is, the requisite state of mind), or caused compensable damages to the Settlement Class.

26.     In light of the amount of the Settlement and the certainty of recovery to the Settlement Class, Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Settlement Class. Plaintiffs and Lead Counsel believe that the Settlement provides a substantial benefit now, namely $3.5 million in cash (less the various deductions described in this Notice), as compared to the risk that the claims would produce a smaller recovery, or no recovery, after summary judgment, trial and appeals, possibly years in the future.

27.     Defendants have denied and continue to deny each and all of the claims alleged by Plaintiffs in the Action. Defendants expressly have denied and continue to deny all allegations of fault, liability, wrongdoing, or damages against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action. Defendants also have denied and continue to deny, among other things, the allegations that Plaintiffs or the Settlement Class have suffered any damage, and that Plaintiffs or the Settlement Class were harmed by the conduct alleged in the Action.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

28.     If there were no Settlement and Plaintiffs failed to establish any essential legal or factual element of the alleged claims, neither Plaintiffs nor the Settlement Class would recover anything from Defendants. Additionally, if Defendants were successful in proving any of their defenses, the Settlement Class likely would recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW MUCH WILL MY PAYMENT BE?

29.     loanDepot has agreed to cause to be paid Three Million Five Hundred Thousand Dollars ($3,500,000.00) in cash into escrow for the benefit of the Settlement Class. At this time, it is not possible to make any determination as to how much individual Settlement Class Members may receive from the Settlement.

Plaintiffs have proposed a plan for allocating the Net Settlement Fund to those Settlement Class Members who timely submit valid Claim Forms. The Plan of Allocation proposed by Plaintiffs is set forth below.

30.    All members of the Settlement Class who fail to timely submit an acceptable Claim Form by the deadline set by the Court, or such other deadline as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Settlement, but will in all other respects be subject to and bound by the terms of the Settlement, including Settlement Class Members' release of all Released Plaintiffs' Claims.

31.    The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the claim of any member of the Settlement Class.

32.    The Plan of Allocation set forth below is the proposed plan submitted by Plaintiffs and Lead Counsel for the Court's approval. The Court may approve this plan as proposed or it may modify it without further notice to the Settlement Class.

33.    Each Claimant shall be deemed to have submitted to the jurisdiction of the United States District Court for the Central District of California with respect to his, her, or its Claim Form.

34.    Persons and entities that exclude themselves from the Settlement Class will not be eligible to receive a distribution from the Net Settlement Fund and shall not submit Claim Forms.

## PLAN OF ALLOCATION

35.    The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants based on their respective alleged economic losses as a result of the alleged fraud, as opposed to losses caused by market- or industry-wide factors, or company-specific factors unrelated to the alleged fraud. The Claims Administrator shall determine each Authorized Claimant's share of the Net Settlement Fund based upon the recognized loss formula (the "Recognized Loss") described below. A Recognized Loss will be calculated for each share of loanDepot Stock purchased or otherwise acquired traceable to the Registration Statement issued in connection with loanDepot's IPO, and for each share of loanDepot Stock purchased or otherwise acquired during the Class Period (*i.e.*, March 16, 2021 through September 22, 2021,

13

NOTICE OF (I) PROPOSED SETTLEMENT; (II) MOTION FOR ATTYS' FEES AND EXPENSES; AND (III) SETTLEMENT FAIRNESS HEARING
CASE NO. 8:21-CV-01449-JLS-JDE

inclusive).[3] The calculation of Recognized Loss will depend upon several factors, including when the shares of loanDepot Stock were purchased or otherwise acquired, and in what amounts, and whether those shares were sold, and if sold, when they were sold, and for what amounts. The Recognized Loss is not intended to estimate the amount a Class member might have been able to recover after a trial, nor to estimate the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Loss is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants. The Claims Administrator will use its best efforts to administer and distribute the Net Settlement Fund to the extent that it is equitably and economically feasible.

36.     In the Action, Plaintiffs allege that Defendants made false statements and omitted material facts in the Registration Statement, as well as during the Class Period, which had the effect of allegedly artificially inflating the price of loanDepot Stock. Plaintiffs allege that corrective disclosures removed the artificial inflation from the price of loanDepot Stock on the following dates: March 17, 2021; May 3, 2021; May 11, 2021; August 3, 2021; and September 23, 2021 (the "Corrective Disclosure Dates"). The estimated alleged artificial inflation in the price of loanDepot Stock during the period from the IPO through the end of the Class Period is reflected in Table 1 below.

37.     In order to have recoverable damages in the Action, disclosures correcting the alleged misrepresentations must be the cause of the decline in the price of the loanDepot Stock. Accordingly, in order to have a Recognized Loss, loanDepot Stock must have been held at the opening of the U.S. financial markets on at least one of the alleged Corrective Disclosure Dates. To the extent a Claimant's transactions in loanDepot Stock do not satisfy the conditions set forth in the preceding sentence, his, her or its Recognized Loss for those transactions will be zero.[4]

---

[3] loanDepot Stock was listed and began trading on The New York Stock Exchange on February 11, 2021, under the ticker symbol "LDI." The IPO consisted of 4,427,500 shares of loanDepot Stock at an offering price of $14.00 per share. The IPO closed on February 16, 2021.

[4] Section 11 of the Securities Act provides for an affirmative defense of negative causation which prevents recovery for losses that Defendants prove are not attributable to misrepresentations and/or omissions alleged by Plaintiffs in the Registration Statement. Thus, the Recognized Loss calculation for claims under the Securities Act assumes that the decline in the price of loanDepot Stock, net of market

14

NOTICE OF (I) PROPOSED SETTLEMENT; (II) MOTION FOR ATTYS' FEES AND EXPENSES; AND (III) SETTLEMENT FAIRNESS HEARING
CASE NO. 8:21-CV-01449-JLS-JDE

| Table 1 | | |
| --- | --- | --- |
| **Artificial Inflation in loanDepot Stock** | | |
| **From** | **To** | **Per-Share Price Inflation** |
| February 11, 2021 | March 16, 2021 | $2.29 |
| March 17, 2021 | May 2, 2021 | $2.11 |
| May 3, 2021 | May 10, 2021 | $1.43 |
| May 11, 2021 | August 2, 2021 | $1.15 |
| August 3, 2021 | September 22, 2021 | $0.23 |
| September 23, 2021 | Thereafter | $0.00 |

38.     Plaintiffs allege claims under the Securities Act with respect to loanDepot Stock purchased or otherwise acquired pursuant and/or traceable to the Registration Statement for the IPO. Plaintiffs allege claims under the Exchange Act with respect to all purchases and acquisitions of loanDepot Stock during the Class Period. The Recognized Loss under the Exchange Act shall be calculated as described below in "Calculation of Recognized Per Share Loss Under the Exchange Act." The Recognized Loss under the Securities Act shall be calculated as described below in "Calculation of Recognized Loss Per Share Under the Securities Act." The Recognized Loss for shares of loanDepot Stock eligible for a recovery under both the Exchange Act and the Securities Act shall be the maximum of: (i) the Recognized Loss calculated under the Exchange Act; or (ii) the Recognized Loss calculated under the Securities Act.

39.     loanDepot Stock acquired directly from an underwriter or its agent in loanDepot's IPO shall be treated as a purchase of shares at a price of $14.00 per share (i.e., the IPO offering price) with per-share price inflation of $2.29.

40.     The "90-day look back" provision of the Private Securities Litigation Reform Act of 1995 (the "PSLRA") is incorporated into the calculation of the Recognized Loss for loanDepot Stock under the Exchange Act. The limitations on the calculation of the Recognized Loss imposed by the PSLRA are applied such that losses on shares of loanDepot Stock purchased or acquired during the Class Period and held as of the close of the 90-day period subsequent to the Class Period (the "90-Day Lookback Period") cannot exceed the difference between the purchase price paid for loanDepot Stock and the average price of loanDepot Stock

and industry effects, on the Corrective Disclosure Dates alleged by Plaintiffs, is the only compensable loss.

NOTICE OF (I) PROPOSED SETTLEMENT; (II) MOTION FOR ATTYS' FEES AND EXPENSES; AND (III) SETTLEMENT FAIRNESS HEARING
CASE NO. 8:21-CV-01449-JLS-JDE

during the 90-Day Lookback Period. The Recognized Loss on loanDepot Stock purchased/acquired during the Class Period and sold during the 90-Day Lookback Period cannot exceed the difference between the purchase price paid for loanDepot Stock and the rolling average price of loanDepot Stock during the portion of the 90-Day Lookback Period elapsed as of the date of sale.

41.   In the calculations below, all purchase and sale prices shall exclude any fees, taxes and commissions. If a Recognized Loss amount is calculated to be a negative number, that Recognized Loss shall be set to zero. Any transactions in loanDepot Stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

## **Calculation of Recognized Loss Per Share Under the Exchange Act**

42.   For each share of loanDepot Stock purchased or otherwise acquired during the Class Period (*i.e.*, March 16, 2021 through September 22, 2021, inclusive), the Recognized Loss per share under the Exchange Act shall be calculated as follows:

i.    For each share of loanDepot Stock purchased/acquired during the Class Period that was sold prior to March 17, 2021, the Recognized Loss per share is $0.

ii.   For each share of loanDepot Stock purchased/acquired during the Class Period that was subsequently sold during the period March 17, 2021 through September 22, 2021, inclusive, the Recognized Loss per share is the amount of per-share price inflation on the date of purchase/acquisition as appears in Table 1 above, *minus* the amount of per-share price inflation on the date of sale as appears in Table 1 above.

iii.  For each share of loanDepot Stock purchased/acquired during the Class Period that was subsequently sold during the period September 23, 2021 through December 21, 2021, inclusive (*i.e.*, sold during the 90-Day Lookback Period), the Recognized Loss per share is the *lesser* of:

      a.   the amount of per-share price inflation on the date of purchase/acquisition as appears in Table 1 above; or

      b.   the purchase/acquisition price *minus* the "90-Day Lookback Value" on the date of sale provided in Table 2 below.

iv.   For each share of loanDepot Stock purchased/acquired during the Class Period that was still held as of the close of trading on December 21, 2021, the Recognized Loss per share is *the lesser of*:

NOTICE OF (I) PROPOSED SETTLEMENT; (II) MOTION FOR ATTYS' FEES AND EXPENSES; AND (III) SETTLEMENT FAIRNESS HEARING
CASE NO. 8:21-CV-01449-JLS-JDE

a.      the amount of per-share price inflation on the date of purchase/acquisition as appears in Table 1 above; or

b.      the purchase/acquisition price *minus* the average closing price for loanDepot Stock during the 90-Day Lookback Period, which is $6.09.

| Table 2 | | | | | |
|---|---|---|---|---|---|
| Sale / Disposition Date | 90-Day Lookback Value | Sale / Disposition Date | 90-Day Lookback Value | Sale / Disposition Date | 90-Day Lookback Value |
| 9/23/2021 | $6.98 | 10/22/2021 | $6.53 | 11/22/2021 | $6.68 |
| 9/24/2021 | $6.93 | 10/25/2021 | $6.53 | 11/23/2021 | $6.65 |
| 9/27/2021 | $7.05 | 10/26/2021 | $6.54 | 11/24/2021 | $6.63 |
| 9/28/2021 | $7.04 | 10/27/2021 | $6.53 | 11/26/2021 | $6.60 |
| 9/29/2021 | $7.00 | 10/28/2021 | $6.53 | 11/29/2021 | $6.57 |
| 9/30/2021 | $6.96 | 10/29/2021 | $6.53 | 11/30/2021 | $6.53 |
| 10/1/2021 | $6.90 | 11/1/2021 | $6.58 | 12/1/2021 | $6.49 |
| 10/4/2021 | $6.81 | 11/2/2021 | $6.60 | 12/2/2021 | $6.46 |
| 10/5/2021 | $6.75 | 11/3/2021 | $6.61 | 12/3/2021 | $6.43 |
| 10/6/2021 | $6.71 | 11/4/2021 | $6.60 | 12/6/2021 | $6.39 |
| 10/7/2021 | $6.68 | 11/5/2021 | $6.60 | 12/7/2021 | $6.37 |
| 10/8/2021 | $6.63 | 11/8/2021 | $6.61 | 12/8/2021 | $6.34 |
| 10/11/2021 | $6.58 | 11/9/2021 | $6.62 | 12/9/2021 | $6.31 |
| 10/12/2021 | $6.56 | 11/10/2021 | $6.65 | 12/10/2021 | $6.28 |
| 10/13/2021 | $6.55 | 11/11/2021 | $6.66 | 12/13/2021 | $6.25 |
| 10/14/2021 | $6.55 | 11/12/2021 | $6.67 | 12/14/2021 | $6.23 |
| 10/15/2021 | $6.55 | 11/15/2021 | $6.68 | 12/15/2021 | $6.19 |
| 10/18/2021 | $6.54 | 11/16/2021 | $6.69 | 12/16/2021 | $6.17 |
| 10/19/2021 | $6.54 | 11/17/2021 | $6.69 | 12/17/2021 | $6.14 |
| 10/20/2021 | $6.53 | 11/18/2021 | $6.69 | 12/20/2021 | $6.11 |
| 10/21/2021 | $6.53 | 11/19/2021 | $6.69 | 12/21/2021 | $6.09 |

## **Calculation of Recognized Loss Per Share Under the Securities Act**

43.     Plaintiffs also asserted claims in the Action under the Securities Act with respect to loanDepot Stock purchased or otherwise acquired pursuant or traceable to the Registration Statement ("Securities Act Claims"), pursuant to which shares of loanDepot Stock were sold to the public at the offering price of $14.00 per share.

44.    The Securities Act Claims asserted in the Action were brought only with respect to loanDepot Stock that was purchased or otherwise acquired pursuant or traceable to the Registration Statement.

45.    Shares of loanDepot Stock purchased or otherwise acquired directly from an underwriter or its agent in the IPO, or in the open market during the period beginning February 11, 2021 through the opening of the market on May 17, 2021 shall be considered a purchase of loanDepot Stock pursuant and/or traceable to the Registration Statement ("Securities Act Eligible loanDepot Stock").[5]

46.    The Recognized Loss for any Securities Act Eligible loanDepot Stock will be calculated in the manner set forth above concerning Exchange Act Claims in "Calculation of Recognized Per Share Loss Under the Exchange Act," and any Recognized Loss amount greater than zero for any Securities Act Eligible loanDepot Stock will then be increased by 25%.

47.    This approach to calculating the Recognized Loss for Securities Act Claims is intended to reflect the determination of Lead Counsel that, although the damages alleged to be actionable under the Exchange Act Claims and the Securities Act Claims generally relate to similar alleged misconduct, the Securities Act Claims add value to the overlapping Exchange Act Claims because they would be easier to prove and therefore were more likely to be successful if litigated to a conclusion.

## ADDITIONAL PROVISIONS

48.    The payment you receive will reflect your proportionate share of the Net Settlement Fund. Such payment will depend on the number of eligible securities that participate in the Settlement, and when those securities were purchased and sold. The number of claimants who send in claims varies widely from case to case.

49.    A purchase or sale of loanDepot Stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.

---

[5] On May 17, 2021, shares of loanDepot Stock not registered by the Registration Statement were able to be sold publicly.

50.    The receipt or grant by gift, inheritance or operation of law of loanDepot Stock during the Class Period shall not be deemed a purchase, acquisition, or sale of loanDepot Stock for the calculation of a Claimant's Recognized Loss Amount, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of any loanDepot Stock unless (i) the donor or decedent purchased or otherwise acquired such loanDepot Stock during the Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to those shares; and (iii) it is specifically so provided in the instrument of gift or assignment.

51.    Notwithstanding any of the above, receipt of loanDepot Stock in exchange for securities of any other corporation or entity shall not be deemed a purchase or sale of loanDepot Stock.

52.    The first-in-first-out ("FIFO") basis will be applied to purchases and sales. Under FIFO, sales of loanDepot Stock will be matched against previous purchases/acquisitions of loanDepot Stock in chronological order, beginning with the earliest purchase/acquisition.

53.    The date of covering a "short sale" is deemed to be the date of purchase of loanDepot Stock. The date of a "short sale" is deemed to be the date of sale of loanDepot Stock. In accordance with the Plan of Allocation, however, the Recognized Loss on "short sales" is zero. In the event that a claimant has an opening short position in loanDepot Stock, the earliest purchases shall be matched against such opening short position and not be entitled to a recovery until that short position is fully covered.

54.    Option contracts are not securities eligible to participate in the Settlement. With respect to loanDepot Stock purchased or sold through the exercise of an option, the purchase/sale date of the loanDepot Stock shall be the exercise date of the option and the purchase/sale price of the loanDepot Stock shall be the exercise price of the option. Any Recognized Loss arising from purchases of loanDepot Stock acquired through the exercise of an option on loanDepot Stock[6] shall be computed as provided for other purchases of loanDepot Stock in the Plan of Allocation. Payment according to the Plan of Allocation will be deemed conclusive against all Authorized Claimants.

---

[6] Including (i) purchases of loanDepot Stock as the result of the exercise of a call option, and (ii) purchases of loanDepot Stock by the seller of a put option as a result of the buyer of such put option exercising that put option.

55.     A Recognized Loss will be calculated as defined herein and cannot be less than zero. The Claims Administrator shall allocate to each Authorized Claimant a *pro rata* share of the Net Settlement Fund based on his, her, or its Recognized Loss as compared to the total Recognized Losses of all Authorized Claimants (*see* the Plan of Allocation at pp. __-__ for additional details). No distribution will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

56.     Settlement Class Members who do not submit acceptable Proofs of Claim will not share in the Settlement proceeds. The Settlement and the Final Judgment and Order of Dismissal with Prejudice dismissing this Action will nevertheless bind Settlement Class Members who do not submit a request for exclusion and/or submit an acceptable Proof of Claim.

57.     Please contact the Claims Administrator or Lead Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim. If you are unsatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Settlement Class Members and the claims-administration process, to decide the issue by submitting a written request.

58.     Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement. If any funds remain in the Net Settlement Fund by reason of uncashed distribution checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Settlement Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement Fund after at least six (6) months after the initial distribution of such funds will be used in the following fashion: (a) first, to pay any amounts mistakenly omitted from the initial disbursement; (b) second, to pay any additional settlement administration fees, costs, and expenses, including those of Lead Counsel as may be approved by the Court; and (c) finally, to make a second distribution to claimants who cashed their checks from the initial distribution and who would receive at least $10.00, after payment of the estimated costs, expenses, or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible. These redistributions shall be repeated, if economically feasible, until the balance remaining in the Net Settlement Fund is *de minimis* and such remaining balance will then be distributed to a non-sectarian, not-for-profit organization identified by Lead Counsel.

NOTICE OF (I) PROPOSED SETTLEMENT; (II) MOTION FOR ATTYS' FEES AND EXPENSES; AND (III) SETTLEMENT FAIRNESS HEARING
CASE NO. 8:21-CV-01449-JLS-JDE

59.    Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Claimants. No Claimant shall have any claim against the Plaintiffs, the Settlement Class, Plaintiffs' Counsel, Defendants' Releasees (as defined below), Defendants' Counsel, or the Claims Administrator based on distributions made substantially in accordance with the Settlement, the Stipulation, the Plan of Allocation, or otherwise as further ordered by the Court. The Plaintiffs, Defendants, their respective counsel, Plaintiffs' damages expert, and all other Releasees shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the Plan of Allocation, or the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

60.    The Plan of Allocation set forth herein is the plan that is being proposed to the Court for its approval by Plaintiffs after consultation with their damages expert. The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Settlement Class. Any orders regarding any modification of the Plan of Allocation will be posted on the Settlement website.

## WHAT RIGHTS AM I GIVING UP BY AGREEING TO THE SETTLEMENT?

61.    If the Settlement is approved, the Court will enter a judgment (the "Judgment"). Upon the Effective Date of the Settlement, the Judgment will dismiss with prejudice the claims against Defendants and will provide that Plaintiffs and all other Plaintiffs' Releasees (as defined in ¶63 below) and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, trustees, legal representatives, attorneys, agents, predecessors, successors and assigns in their capacities as such, and on behalf of any other person or entity legally entitled to bring Released Plaintiffs' Claims on behalf of any Settlement Class Member, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice each and every one of the Released Plaintiffs' Claims (as defined in ¶64 below), including, without limitation, Unknown Claims (as defined in ¶66 below), against any and all Defendants' Releasees (as defined in ¶62 below) and shall forever be barred and enjoined, to the fullest extent permitted by law, from

commencing, instituting, maintaining, prosecuting or continuing to prosecute any
or all of the Released Plaintiffs' Claims against any of Defendants' Releasees, in
this Action or in any other proceeding, whether or not they execute and deliver the
Claim Form or share in the Settlement Fund. Claims to enforce the terms of the
Settlement are not released.

62.   "Defendants' Releasees" means any and all defendants named in any
of the complaints filed in the Action, and any and all of their related parties in any
forum, including, without limitation, any and all of their current or former parents,
subsidiaries, affiliates, predecessors, successors, divisions, investment funds, joint
ventures and general or limited partnerships, and each of their respective current or
former officers, directors, trustees, partners, members, contractors, auditors,
principals, agents, managing agents, employees, representatives, associates,
attorneys, accountants, investment bankers, underwriters, insurers in their
capacities as such, as well as each of the Individual Defendants' immediate family
members, heirs, executors, personal or legal representatives, estates, beneficiaries,
predecessors, successors and assigns.

63.   "Plaintiffs' Releasees" means Plaintiffs, the Settlement Class, and
any and all of their related parties, in their capacities as such, including, without
limitation, any and all of their past or present parents, subsidiaries, affiliates,
predecessors, or successors, as well as any and all of their current or former
officers, directors, employees, associates, members of their immediate families,
agents or other persons acting on their behalf, underwriters, attorneys (including
Plaintiffs' Counsel), advisors, financial advisors, publicists, independent certified
public accountants, auditors, accountants, assigns, creditors, administrators, heirs,
estates, or legal representatives and Plaintiffs' Counsel and their respective
successors, assigns, representatives, officers, directors, attorneys and agents.
Plaintiffs' Releasees does not include any person or entity that timely and validly
seeks exclusion from the Settlement Class.

64.   "Released Plaintiffs' Claims" means any and all claims, rights and
causes of action, duties, obligations, demands, actions, debts, sums of money, suits,
contracts, agreements, promises, damages and liabilities, including both known
claims and Unknown Claims, whether contingent or non-contingent, indirect or
direct, or suspected or unsuspected, including any claims arising under federal or
state statutory or common law or any other law, rule or regulation, whether foreign
or domestic, in law, in contract, or in equity, and regardless of legal theory, and
including claims for indemnification, contribution, or otherwise denominated, that
have been asserted, could have been asserted, or could be asserted in the future
against the Defendants' Releasees, that (i) arise out of, or relate in any way to, or

are based upon, the allegations, transactions, acts, facts, events, matters, occurrences, representations or omissions involved, set forth, alleged or referred to in the Amended Complaint or in the prior complaint and (ii) in any way are based upon or related to, directly or indirectly, the purchase, acquisition, or sale or other acquisition or disposition, or holding of loanDepot Stock from February 11, 2021 through the end of the Class Period. Notwithstanding the aforementioned, the following claims are explicitly excluded from release: all claims (i) related to enforcement of the Term Sheet or the Stipulation or (ii) that have been or could be asserted derivatively on behalf of loanDepot, including in *Modglin v. Hsieh*, No. 2:22-cv-00462-JLS-JDE (C.D. Cal.); *In re loanDepot, Inc. Stockholder Derivative Litigation*, No. 2:21-cv-08173-JLS-JDE (C.D. Cal.); *Skinner v. Hsieh*, No. 2:22-cv-02087-JLS-JDE (C.D. Cal.); *Johnson v. Hsieh*, No. 8:22-cv-00757-JLS-JDE (C.D. Cal.); *In re LoanDepot, Inc. Derivative Litigation*, 22-cv-320 (D. Del.); *Porter v. Hsieh*, 22-cv-388 (D. Del.); *Park v. Hsieh*, C.A. No. 2023-0698 (Del. Ch.); *Armstrong v. Hsieh*, C.A. No. 2023-0613 (Del. Ch.); or *Aldridge v. Hsieh*, C.A. No. 2023-0753 (Del. Ch.). Nothing in the Stipulation shall release any claims of any person or entity that properly and timely excludes itself from the Settlement Class.

65.    "Released Defendants' Claims" means any and all claims, rights and causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages and liabilities, including both known claims and Unknown Claims, whether contingent or non-contingent, or suspected or unsuspected, including any claims arising under federal or state statutory or common law or any other law, rule or regulation, whether foreign or domestic, that have been asserted, could have been asserted, or could be asserted in the future against the Plaintiffs' Releasees and arise out of or relate in any way to the institution, prosecution, or settlement of the claims against all Defendants. "Released Defendants' Claims" does not include (i) any claims relating to the enforcement of the Settlement or (ii) any claims against any person or entity who submits a request for exclusion from the Settlement Class that is accepted by the Court.

66.    "Unknown Claims" means (i) any Released Plaintiffs' Claims which any Plaintiff or any other Settlement Class Member, and their respective heirs, executors, administrators, attorneys, agents, predecessors, successors and assigns in their capacities as such, does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and (ii) any Released Defendants' Claims which any Defendant, and their respective heirs, executors, administrators, attorneys, agents, predecessors, successors and assigns in their capacities as such, does not know or suspect to exist in his, her, or its favor at the time of the release

of such claims. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiffs and Defendants shall expressly waive, and each of the Settlement Class Members shall be deemed to have waived, and by operation of the Judgment or the Alternative Judgment, if applicable, shall have, to the fullest extent permitted by law, expressly waived and relinquished, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

The Parties and Settlement Class Members acknowledge, and shall be deemed by operation of law to have acknowledged, that they may hereafter discover facts, legal theories, or authorities in addition to or different from those which he or she or it or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims, but, upon the Effective Date, Plaintiffs and Defendants shall expressly, fully, finally, and forever, settle and release, and each of the other Settlement Class Members shall be deemed to have settled and released, and upon the Effective Date by operation of the Judgment or the Alternative Judgment, if applicable, shall have, settled and released, fully, finally, and forever, any and all Released Claims without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members shall be deemed by operation of the Judgment or the Alternative Judgment, if applicable, to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement of which this release is a part.

67.    The Judgment also will provide that Defendants' Releasees, on behalf of themselves, and their respective heirs, executors, administrators, trustees, legal representatives, attorneys, agents, predecessors, successors and assigns in their capacities as such, and on behalf of any other person or entity legally entitled to bring Released Defendants' Claims on behalf of Defendants, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished,

24

waived and discharged each and every Released Defendants' Claim (including, without limitation, any Unknown Claims) against Plaintiffs' Releasees, and shall forever be barred and enjoined from commencing, instituting, maintaining, prosecuting or continuing to prosecute any or all of the Released Defendants' Claims against any of Plaintiffs' Releasees, in this Action or in any other proceeding, except for claims relating to the enforcement of the Settlement.

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

68.    Plaintiffs' Counsel have not received any payment for their services in pursuing claims against Defendants on behalf of the Settlement Class, nor have Plaintiffs' Counsel been paid for their expenses. Before final approval of the Settlement, Lead Counsel intends to apply to the Court for an award of attorneys' fees on behalf of all Plaintiffs' Counsel (Pomerantz LLP and The Schall Law Firm) from the Settlement Fund of no more than 28% of the Settlement Amount, plus interest. At the same time, Lead Counsel also intends to apply for payment from the Settlement Fund for Plaintiffs' Counsel's litigation expenses in a total amount not to exceed $90,000, plus accrued interest. The Court will determine the amount of the award of fees and expenses. Lead Counsel may apply for awards to Plaintiffs, in an amount not to exceed $10,000 in total, in connection with their representation of the Settlement Class. Such sums as may be approved by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses.

## HOW DO I PARTICIPATE IN THE SETTLEMENT? WHAT DO I NEED TO DO?

69.    If you fall within the definition of the Settlement Class as described above, and you are not excluded by the definition of the Settlement Class and you do not elect to exclude yourself from the Settlement Class, then you are a Settlement Class Member, and you will be bound by the proposed Settlement if the Court approves it, and by any judgment or determination of the Court affecting the Settlement Class.

70.    If you are a Settlement Class Member, you must submit a Claim Form and supporting documentation to establish your potential entitlement to share in the proceeds of the Settlement. A Claim Form is included with this Notice, or you may go to the website maintained by the Claims Administrator for the Settlement to request that a Claim Form be mailed to you or to submit a claim electronically.

25

NOTICE OF (I) PROPOSED SETTLEMENT; (II) MOTION FOR ATTYS' FEES AND EXPENSES; AND (III) SETTLEMENT FAIRNESS HEARING
CASE NO. 8:21-CV-01449-JLS-JDE

The website is www.loandepotsettlement.com. You may also request a Claim Form by calling toll-free (855) 999-9077. Those who exclude themselves from the Settlement Class, and those who do not submit timely and valid Claim Forms with adequate supporting documentation, will not be entitled to share in the proceeds of the Settlement unless otherwise ordered by the Court. Please retain all original records of your ownership of, or transactions in, loanDepot Stock, as they may be needed to document your claim.

71.    As a Settlement Class Member, for purposes of the Settlement, you are represented by Plaintiffs, and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf with the Court so that the notice is received **on or before ____, 2023**.

72.    If you do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Part Of The Settlement? How Do I Exclude Myself?" below. If you exclude yourself from the Settlement Class, you will not be eligible to receive any benefit from the Settlement and you should not submit a Claim Form but you will retain the right to be a part of any other lawsuit against any of the Defendants' Releasees (as defined in ¶62 above) with respect to any of the Released Plaintiffs' Claims (as defined in ¶64 above).

73.    If you wish to object to the Settlement or any of its terms, the proposed Plan of Allocation, or Lead Counsel's application for attorneys' fees and litigation expenses, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?" below. If you exclude yourself from the Settlement Class, you are not entitled to submit an objection.

## WHAT IF I DO NOT WANT TO BE A PART OF THE SETTLEMENT? HOW DO I EXCLUDE MYSELF?

NOTICE OF (I) PROPOSED SETTLEMENT; (II) MOTION FOR ATTYS' FEES AND EXPENSES; AND (III) SETTLEMENT FAIRNESS HEARING
CASE NO. 8:21-CV-01449-JLS-JDE

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

74.     Each Settlement Class Member will be bound by all determinations and judgments in the Action concerning the Settlement, whether favorable or unfavorable, unless such person or entity mails, by first-class mail (or its equivalent outside the U.S.), or otherwise delivers a written request for exclusion from the Settlement Class, addressed to *loanDepot Settlement*, ATTN: EXCLUSION REQUEST, c/o Claims Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103. The exclusion request must be ***received* no later than _____, 2023**. Each request for exclusion must clearly indicate the name, address and telephone number of the person or entity seeking exclusion, that the sender requests to be excluded from the Settlement Class in *LaFrano v. loanDepot, Inc., et al.*, Case No. 8:21-cv-01449-JLS-JDE, and must be signed by such person or entity. Such persons or entities requesting exclusion are also directed to provide the following information: the number of shares of loanDepot Stock that the person or entity requesting exclusion (i) owned as of the close of trading on December 21, 2021 and (ii) purchased, acquired and/or sold from February 11, 2021 through December 21, 2021, inclusive, as well as the dates and prices for each such purchase, acquisition and sale. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court. Should you elect to exclude yourself from the Settlement Class, you should understand that Defendants and the other Defendants' Releasees will have the right to assert any and all defenses they may have to any claims that you may seek to assert, including, without limitation, the defense that any such claims are untimely under applicable statutes of limitations and statutes of repose.

75.     If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have, or later file, a pending lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claim against any of the Defendants' Releasees. Excluding yourself from the Settlement Class is the only option that allows you to be part of any other current or future lawsuit against Defendants or any of the other Defendants' Releasees concerning the Released Plaintiffs' Claims. Please note, however, if you decide to exclude yourself from the Settlement Class, you may be time-barred from asserting the claims covered by the Action by a statute of limitations and/or statute of repose.

76.     If you ask to be excluded, do not submit a Claim Form because you cannot receive any payment from the Net Settlement Fund. If a person or entity requests to be excluded from the Settlement Class, that person or entity will not receive any benefit provided for in the Stipulation.

27

NOTICE OF (I) PROPOSED SETTLEMENT; (II) MOTION FOR ATTYS' FEES AND EXPENSES; AND (III) SETTLEMENT FAIRNESS HEARING
CASE NO. 8:21-CV-01449-JLS-JDE

77.     If the requests for exclusion from the Settlement exceed a certain amount, as set forth in a separate confidential supplemental agreement between Plaintiffs and Defendants (the "Supplemental Agreement"), loanDepot shall have, in its sole discretion, the option to terminate the Settlement in accordance with the procedures set forth in the Supplemental Agreement.

---

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?**
**DO I HAVE TO COME TO THE HEARING?**
**MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

---

78.     You can object to or be part of the Settlement without attending the Settlement Fairness Hearing. If you do not wish to object in person to the proposed Settlement, the proposed Plan of Allocation, and/or the application for attorneys' fees and litigation expenses, you do not need to attend the Settlement Fairness Hearing.

79.     The Settlement Fairness Hearing will be held on _____, 2023, at _____ _.m., before the Honorable Josephine L. Staton, at the United States District Court, Central District of California, 350 West 1st St., Los Angeles, CA 90012, or remotely per details that will be made publicly available on the Settlement website (www.loandepotsettlement.com) in advance of the Settlement Fairness Hearing. The Court reserves the right to approve the Settlement or the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and expenses, and/or any other matter related to the Settlement at or after the Settlement Fairness Hearing without further notice to the members of the Settlement Class.

80.     Any Settlement Class Member who does not request exclusion may object to the Settlement, the Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and litigation expenses.[7] You can ask the Court to deny approval by filing an objection. You cannot ask the Court to order a different settlement; the Court can only approve or reject the proposed Settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.

---

[7] Plaintiffs' initial motion papers in support of these matters will be filed with the Court on or before _____, 2023.

NOTICE OF (I) PROPOSED SETTLEMENT; (II) MOTION FOR ATTYS' FEES AND EXPENSES; AND (III) SETTLEMENT FAIRNESS HEARING
CASE NO. 8:21-CV-01449-JLS-JDE

81.     Any objection to the proposed Settlement must be in writing. All written objections and supporting papers must (a) clearly identify the case name and number *(LaFrano v. loanDepot, Inc., et al.*, Case No. 8:21-cv-01449-JLS-JDE), (b) be submitted to the Court either by mailing them to the Clerk of the Court, United States District Court, Central District of California, 350 West 1st St., Los Angeles, CA 90012, or by filing them in person at any location of the United States District Court for the Central District of California, and (c) be **received by the Court or filed on or before _____, 2023**.

82.     The notice of objection must include documentation establishing the objecting person or entity's membership in the Settlement Class, including the number of shares of loanDepot Stock that the objecting person or entity (i) owned as of the close of trading on December 21, 2021, and (ii) purchased, acquired and/or sold from February 11, 2021 through December 21, 2021, as well as the dates and prices for each such purchase, acquisition and sale, and contain a statement of reasons for the objection, copies of any papers, briefs, or other documents upon which the objection is based, a statement of whether the objector intends to appear at the Settlement Fairness Hearing, and the objector's signature, even if represented by counsel. The objection must state whether it applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class. In addition, the objector must identify all class action settlements to which the objector or his, her, or its counsel have previously objected. Documentation establishing membership in the Settlement Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement. Objectors who desire to present evidence at the Settlement Fairness Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

83.     You may not object to the Settlement or any aspect of it if you exclude yourself from the Settlement Class.

84.     You may file a written objection without having to appear at the Settlement Fairness Hearing. You may not appear at the Settlement Fairness Hearing to present your objection, however, unless you have first filed a written objection in accordance with the procedures described above, unless the Court orders otherwise.

29

85.    You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Fairness Hearing. If you decide to hire an attorney, which will be at your own expense, he or she must file a notice of appearance with the Court so that the notice is ***received* on or before ____, 2023**.

86.    The Settlement Fairness Hearing may be adjourned by the Court without further written notice to the Settlement Class, other than a posting of the adjournment on the Settlement website, www.loandepotsettlement.com. If you plan to attend the Settlement Fairness Hearing, you should confirm the date and time with Lead Counsel.

**Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and litigation expenses. Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.**

## WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

87.    Nominees who purchased or acquired loanDepot Stock for beneficial owners who are Settlement Class Members are directed to: (a) request, within ten (10) calendar days of receipt of this Notice, copies of the Postcard Notice from the Claims Administrator for such beneficial owners; or (b) send a list of the names, addresses, and email addresses (to the extent available) of such beneficial owners to the Claims Administrator within ten (10) calendar days after receipt of this Notice. If a nominee elects to send the Postcard Notice to beneficial owners, such nominee is directed to mail the Postcard Notice within ten (10) calendar days of receipt of the additional copies of the Postcard Notice from the Claims Administrator, and upon such mailing, the nominee shall send a statement to the Claims Administrator confirming that the mailing was made as directed, and the nominee shall retain the list of names and addresses for use in connection with any possible future notice to the Settlement Class. Upon full compliance with these instructions, including the timely mailing of the Postcard Notice to beneficial owners, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with these instructions in an amount not to exceed

$0.08 plus postage at the current pre-sort rate used by the Claims Administrator per Postcard Notice; or $0.05 per Postcard Notice transmitted by email; or $0.20 per name, mailing address, and email address (to the extent available) provided to the Claims Administrator, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought and reflecting compliance with these instructions, including timely mailing of the Notice, if the nominee elected or elects to do so. Such properly documented expenses incurred by nominees in compliance with the terms of these instructions will be paid from the Settlement Fund. Copies of this Notice may also be obtained by calling toll-free (855) 999-9077, and may be downloaded from the Settlement website, www.loandepotsettlement.com.

## CAN I SEE THE COURT FILE?
## WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

88.    This Notice contains only a summary of the terms of the proposed Settlement. More detailed information about the matters involved in the Action is available at www.loandepotsettlement.com, including, among other documents, copies of the Stipulation and Claim Form. This Notice summarizes the proposed Settlement. For the precise terms and conditions of the Settlement, please see the Stipulation available at www.loandepotsettlement.com, or by contacting Lead Counsel below. You may also access the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://pacer.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court, Central District of California, 350 West 1st St., Los Angeles, CA 90012, during regular office hours, Monday through Friday, excluding Court holidays. All inquiries concerning this Notice or the Claim Form should be directed to:

*loanDepot Settlement*
c/o Claims Administrator
1650 Arch Street, Suite 2210
Philadelphia, PA 19103
(855) 999-9077
info@loandepotsettlement.com

Claims Administrator

**-or-**

NOTICE OF (I) PROPOSED SETTLEMENT; (II) MOTION FOR ATTYS' FEES AND EXPENSES; AND (III) SETTLEMENT FAIRNESS HEARING
CASE NO. 8:21-CV-01449-JLS-JDE

Jeremy Lieberman, Esq.
POMERANTZ LLP
600 Third Avenue, 20th Floor
New York, NY 10016
(212) 661-1100
jalieberman@pomlaw.com

Lead Counsel

**DO NOT CALL OR WRITE THE COURT, DEFENDANTS, DEFENDANTS' COUNSEL, OR THE OFFICE OF THE CLERK OF COURT REGARDING THIS NOTICE.**

Dated: _____, 2023

By Order of the Court
United States District Court
Central District of California

32

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR GARY LAFRANO and ADAM DOBAN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>LOANDEPOT, INC.; ANTHONY HSIEH; PATRICK FLANAGAN; NICOLE CARRILLO; ANDREW C. DODSON; JOHN C. DORMAN; BRIAN P. GOLSON; DAWN LEPORE; GOLDMAN SACHS & CO. LLC; BOFA SECURITIES, INC.; CREDIT SUISSE SECURITIES (USA) LLC; MORGAN STANLEY & CO. LLC; BARCLAYS CAPITAL INC.; CITIGROUP GLOBAL MARKETS INC.; JEFFERIES LLC; UBS SECURITIES LLC; WILLIAM BLAIR & COMPANY, L.L.C.; JMP SECURITIES LLC; PIPER SANDLER & CO.; RAYMOND JAMES & ASSOCIATES, INC.; NOMURA SECURITIES INTERNATIONAL, INC.; and AMERIVET SECURITIES, INC.,<br><br>Defendants. | Case No. 8:21-cv-01449-JLS-JDE<br><br>**PROOF OF CLAIM AND RELEASE**<br><br>**EXHIBIT A-2** |

PART I – INTRODUCTION

    **A.    General Instructions**

    1.    To recover as a member of the Settlement Class based on your claims in the action entitled *LaFrano v. loanDepot, Inc.*, et al., Case No. 8:21-cv-01449-JLS-JDE (the "Action"), you must complete, and on page 14 (and page 15, if applicable), sign this Proof of Claim and Release ("Claim Form"). If you fail to submit a properly addressed (as set forth in paragraph 3 below) Claim Form, postmarked or received by the date shown below, your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed settlement of the Action (the "Settlement").[1]

    2.    Submission of this Claim Form, however, does not assure that you will share in the proceeds of settlement in the Action.

    3.    YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED CLAIM FORM, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN, ON OR BEFORE _____, 2023, TO THE COURT-APPOINTED CLAIMS ADMINISTRATOR AT THE FOLLOWING ADDRESS:

*loanDepot Settlement*

c/o Claims Administrator

1650 Arch Street, Suite 2210

Philadelphia, PA 19103


Online submissions: www.loandepotsettlement.com

If you are NOT a member of the Settlement Class, as defined below and in the Notice of (i) Proposed Settlement, (ii) Motion for an Award of Attorneys' Fees and Litigation

---

[1] This Proof of Claim and Release incorporates the definitions in the Stipulation and Agreement of Settlement (the "Stipulation"), which can be obtained at www.loandepotsettlement.com.

PROOF OF CLAIM AND RELEASE
CASE NO. 8:21-CV-01449-JLS-JDE

Expenses, and (iii) Settlement Fairness Hearing (the "Notice"), DO NOT submit a Claim Form.

4.     If you are a member of the Settlement Class and you do not timely and validly request exclusion from the Settlement Class, you are bound by the terms of any judgment entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A CLAIM FORM.

5.     It is important that you read the Notice that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth in the Notice. The Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court. The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form. By signing and submitting this Claim Form, you will be certifying that you have read the Notice, including the terms of the releases described in the Notice and provided for in the Settlement.

**B.     Claimant Identification**

1.     You are a member of the Settlement Class if you purchased or otherwise acquired publicly traded common stock of loanDepot, Inc. ("loanDepot" and "loanDepot Stock") (i) pursuant or traceable to loanDepot's registration statement issued in connection with the Company's initial public offering completed on February 16, 2021, or (ii) between March 16, 2021 and September 22, 2021, inclusive (the "Class Period"). Excluded from the Settlement Class are: (i) Individual Defendants; (ii) the immediate family members of the Individual Defendants; (iii) the officers and directors of loanDepot during the Class Period and their immediate family members; (iv) any firm, trust, corporation, or other entity in which any Defendant has, or had during the Class Period, a majority ownership interest; and (v) the legal representatives, affiliates, heirs, successors-in-interest, or assigns of any such excluded person or entity under clauses (i)-(iv). Also excluded from the Settlement Class are any persons and entities who or

which properly exclude themselves by filing a valid and timely request for exclusion.

2.    If you purchased or otherwise acquired and held loanDepot Stock in your name, you are the beneficial purchaser or acquirer as well as the record purchaser or acquirer. If, however, you purchased or otherwise acquired loanDepot Stock that was registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser or acquirer and the third party is the record purchaser or acquirer.

3.    Use Part II of this form entitled "Claimant Identification" to identify the beneficial owner(s) of loanDepot Stock. The complete name(s) of the beneficial owner(s) must be entered. If you held the eligible loanDepot Stock in your own name, you are the beneficial owner as well as the record owner. If, however, your shares of eligible loanDepot Stock were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these shares, but the third party is the record owner. THIS CLAIM MUST BE SUBMITTED AND SIGNED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR ACQUIRER(S), OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OR ACQUIRER(S), OF THE LOANDEPOT STOCK UPON WHICH THIS CLAIM IS BASED.

4.    All joint purchasers must sign this Claim Form and be identified in Part II. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

5.    **One Claim Form should be submitted for each separate legal entity.** A separate Claim Form should be submitted for each separate legal entity (e.g., a claim for joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). Conversely, a single Claim Form should be submitted on behalf of one legal entity including all transactions made by that entity, no matter how many separate accounts that entity has (e.g., a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

6.      Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons or entities represented by them, and they must:

(a)      expressly state the capacity in which they are acting;

(b)      identify the name, account number, Social Security number (or taxpayer identification number), address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the loanDepot Stock; and

(c)      provide evidence of their authority to bind the person or entity on whose behalf they are acting. Such evidence would include, for example, letters testamentary, letters of administration, or a copy of trust documents. (Authority to complete and sign a Claim Form cannot be established by a stockbroker demonstrating only that it has discretionary authority to trade securities in another person or entity's accounts.)

7.      By submitting a signed Claim Form, you will be swearing that you: own or owned the loanDepot Stock you have listed in the Claim Form; or are expressly authorized to act on behalf of the owner thereof.

**C.      Transactions in loanDepot Stock**

1.      Use Part III of this form entitled "Schedule of Transactions in loanDepot Stock" to supply all required details of your transaction(s) in loanDepot Stock. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

2.      On the schedules, provide all of the requested information with respect to all of your purchases, acquisitions, and sales of loanDepot Stock that took place at any time from February 11, 2021 through December 21, 2021, both dates inclusive, including whether such transactions resulted in a profit or a loss. Failure to report all

such transactions may result in the rejection of your claim. Also, list the number of shares of loanDepot Stock held as of the close of trading on December 21, 2021.

3. List each of the transactions separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day, and year of each transaction you list.

4. For short-sale transactions, the date of covering a "short sale" is deemed to be the date of purchase of loanDepot Stock, and the date of a "short sale" is deemed to be the date of sale of loanDepot Stock.

5. You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of loanDepot Stock set forth in the Claim Form. Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement. The Parties and the Claims Administrator do not independently have information about your investments in loanDepot Stock. IF THESE DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OF THE DOCUMENTS OR EQUIVALENT DOCUMENTS FROM YOUR BROKER. FAILURE TO SUPPLY THIS DOCUMENTATION COULD DELAY VERIFICATION OF YOUR CLAIM OR RESULT IN THE REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL DOCUMENTS. **Please keep a copy of all documents that you send to the Claims Administrator. Also, do not highlight any portion of the Claim Form or any supporting documents**.

6. The requests in this Claim Form are designed to gather the minimum amount of information necessary to process the simplest claims. The Claims Administrator may request additional information as required to efficiently and reliably process your claim.

7. If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the

Court approves) will be made after any appeals are resolved, and after the completion of all claims processing. The claims process will take substantial time to complete fully and fairly. Please be patient.

8.      **PLEASE NOTE**: As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her or its pro rata share of the Net Settlement Fund. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

9.      If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator at the address on the first page of the Claim Form, by email at info@loandepotsettlement.com, or by toll-free phone at (855) 999-9077, or you can visit the website, www.loandepotsettlement.com, where copies of the Claim Form and Notice are available for downloading.

10.     NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. (This is different than submitting a claim online using the Settlement website.) All such claimants MUST also submit a manually signed paper Claim Form whether or not they also submit electronic copies. To obtain the mandatory electronic filing requirements and file layout, please visit the Settlement website at www.loandepotsettlement.com or you may email the Claims Administrator's electronic filing department at info@loandepotsettlement.com. **Any file not in accordance with the required electronic filing format will be subject to rejection**. Only one claim should be submitted for each separate legal entity (*see* ¶B.4 above) and the complete name of the beneficial owner(s) of the loanDepot Stock must be entered where called for (*see* ¶B.2 above). No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email indicating receipt and acceptance of electronically submitted data. **Do not assume that your file has been**

**received until you receive this email. If you do not receive such an email within 10 days of your submission, you should contact the Claims Administrator's electronic filing department at info@loandepotsettlement.com to inquire about your file and confirm it was received**.

## IMPORTANT: PLEASE NOTE
**YOUR CLAIM IS NOT DEEMED SUBMITTED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD OR EMAIL. THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM WITHIN 60 DAYS. IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT WITHIN 60 DAYS, CALL THE CLAIMS ADMINISTRATOR TOLL FREE AT (855) 999-9077.**

## PART II – CLAIMANT IDENTIFICATION

Beneficial Owner's Name (First, Middle, Last)

Joint Beneficial Owner's Name (if applicable) (First, Middle, Last)

Name of Representative, if applicable (executor, administrator, trustee, c/o, etc.), if different from Beneficial Owner

Street Address

City                                          State or Province

Zip Code or Postal Code                       Country

Social Security Number or                     _____    Individual
Taxpayer Identification Number                                 Corporation/Other

Area Code          Telephone Number (work)

Area Code          Telephone Number (home)

Record Owner's Name (if different from beneficial owner listed above)

## PART III – SCHEDULE OF TRANSACTIONS IN LOANDEPOT STOCK

Please be sure to include proper documentation with your Claim Form as described in detail in ¶C.4 of the Instructions. Do not include information regarding securities other than loanDepot Stock.

A.   Purchases or acquisitions of loanDepot common stock from February 11, 2021 through September 22, 2021, both dates inclusive. (Must be documented.):

| Date of Purchase/ Acquisition (Trade Date) Mo. / Day / Year | Number of Shares Purchased or Acquired | Purchase / Acquisition Price Per Share | Total Purchase or Acquisition Price (excluding any taxes, commissions, and fees) |
|---|---|---|---|
| / / | | $ | $ |
| / / | | $ | $ |
| / / | | $ | $ |
| / / | | $ | $ |

IMPORTANT: If any purchase listed covered a "short sale," please mark Yes:

☐ Yes

B.   Purchases During 90-Day Lookback Period – State the total number of shares of loanDepot common stock purchased from September 23, 2021 through and including December 21, 2021.[2] (Must be documented.) If none, write "zero": _____

C.   Sales of loanDepot common stock from February 11, 2021 through December 21, 2021, both dates inclusive. (Must be documented.):

| Date of Sale/Disposition (Trade Date) Mo. / Day / Year | Number of Shares Sold or Disposed of | Sale/Disposition Price Per Share | Total Sales Price (not deducting any taxes, commissions, and fees) |
|---|---|---|---|
| / / | | $ | $ |
| / / | | $ | $ |
| / / | | $ | $ |

---

[2] Information requested in this Claim Form with respect to your transactions on September 23, 2021 through and including the close of trading on December 21, 2021, is needed only in order for the Claims Administrator to confirm that you have reported all relevant transactions. Purchases during this period, however, are not eligible for a recovery because these purchases are outside the Class Period and will not be used for purposes of calculating your Recognized Claim pursuant to the Plan of Allocation.

| /   / | | $ | $ |
|---|---|---|---|
| | | | |

E.      Number of shares of loanDepot common stock held at the close of trading on December 21, 2021.  (Must be documented.)  If none, write "zero": _____.

If you require additional space, attach extra schedules in the same format as above. Sign and print your name on each additional page.

**YOU MUST READ AND SIGN THE RELEASE ON PAGE 14 (AND PAGE 15, IF APPLICABLE).**
**FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

PROOF OF CLAIM AND RELEASE
CASE NO. 8:21-CV-01449-JLS-JDE

PART IV – SUBMISSION TO JURISDICTION OF COURT AND
         ACKNOWLEDGMENTS

I (We) submit this Claim Form under the terms of the Stipulation and Agreement of Settlement dated July 26, 2023 ("Stipulation") described in the Notice.  I (We) also submit to the jurisdiction of the United States District Court for the Central District of California with respect to my (our) claim as a Settlement Class Member (as defined in the Notice) and for purposes of enforcing the release set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Action. I (We) agree to furnish additional information to Lead Counsel and/or the Claims Administrator to support this claim if required to do so. I (We) have not submitted any other claim covering the same purchases, acquisitions, or sales of loanDepot Stock during the Class Period and know of no other person or entity having done so on my (our) behalf.

PART V – RELEASE

1.      I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever settle, release, relinquish and discharge all of the Released Plaintiffs' Claims (including Unknown Claims) against each and all of the Defendants' Releasees (including all Defendants), all as defined herein and in the Notice and Stipulation.

2.      This release shall be of no force or effect unless and until the Court approves the Stipulation and it becomes effective on the Effective Date.

3.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof and have not submitted any other claim covering the same purchases of loanDepot Stock and know of no other person or entity having done so on my (our) behalf.

4.      I (We) hereby warrant and represent that I (we) have included all requested information about all of my (our) holdings of loanDepot Stock on the dates set forth above and my (our) purchases, acquisitions, and sales of loanDepot Stock during the time periods set forth above.

5.      The Social Security (or taxpayer identification) number(s) shown on this form is (are) correct.

6.      I (We) waive the right to trial by jury, to the extent it exists, and agree to the determination by the Court of the validity or amount of this claim, and waive any right of appeal or review with respect to such determination.

7.      I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code.

(NOTE: If you have been notified by the Internal Revenue Service that you are subject to backup withholding, you must cross out Item 7 above.)

I (We) declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____, 2023,
                                  (Month/Year)

in _____, _____
              (City)                        (State/Country)


_____
(Sign your name here)


_____
(Type or print your name here)


_____
(Capacity of person(s) signing, *e.g.*,
Beneficial Purchaser or Acquirer, Executor
or Administrator)

14

For Joint Beneficial Purchaser, if any:

_____

(Sign your name here)

_____

(Type or print your name here)

ACCURATE CLAIMS PROCESSING TAKES A
SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.

Reminder Checklist:

1.    Please sign the above release and acknowledgment.

2.    Remember to attach copies of supporting documentation.

3.    Do not send originals of stock certificates or other documentation as they will not be returned to you.

4.    Keep a copy of your Claim Form and all supporting documentation for your records.

5.    Your claim is not deemed submitted until you receive an acknowledgement postcard.  The Claims Administrator will acknowledge receipt of your Claim Form within 60 days.  **If you do not receive an acknowledgement postcard or email within 60 days, please call the Claims Administrator toll free at (855) 999-9077.**

6.    If you move, please send your new address to the address below.

7.    Do not use highlighter on the Claim Form or supporting documentation.

8.    If you have any questions or concerns regarding your claim, contact the Claims Administrator at *loanDepot Settlement* c/o Claims Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103 by email at info@loandepotsettlement.com, or by toll-free phone at (855) 999-9077 or you may visit www.loandepotsettlement.com. DO NOT call the Court, loanDepot, the other Defendants, or their counsel with questions regarding your claim.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR GARY LAFRANO and ADAM DOBAN, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> LOANDEPOT, INC.; ANTHONY HSIEH; PATRICK FLANAGAN; NICOLE CARRILLO; ANDREW C. DODSON; JOHN C. DORMAN; BRIAN P. GOLSON; DAWN LEPORE; GOLDMAN SACHS & CO. LLC; BOFA SECURITIES, INC.; CREDIT SUISSE SECURITIES (USA) LLC; MORGAN STANLEY & CO. LLC; BARCLAYS CAPITAL INC.; CITIGROUP GLOBAL MARKETS INC.; JEFFERIES LLC; UBS SECURITIES LLC; WILLIAM BLAIR & COMPANY, L.L.C.; JMP SECURITIES LLC; PIPER SANDLER & CO.; RAYMOND JAMES & ASSOCIATES, INC.; NOMURA SECURITIES INTERNATIONAL, INC.; and AMERIVET SECURITIES, INC., <br><br> Defendants. | Case No. 8:21-cv-01449-JLS-JDE <br><br> **SUMMARY NOTICE OF (I) PROPOSED SETTLEMENT; (II) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND LITIGATION EXPENSES; AND (III) SETTLEMENT FAIRNESS HEARING** <br><br> EXHIBIT A-3 |

***IF YOU PURCHASED OR OTHERWISE ACQUIRED COMMON STOCK OF LOANDEPOT, INC. ("LOANDEPOT") PURSUANT OR TRACEABLE TO LOANDEPOT'S REGISTRATION STATEMENT FILED ON JANUARY 11, 2021, OR DURING THE PERIOD MARCH 16, 2021 THROUGH SEPTEMBER 22, 2021, BOTH DATES INCLUSIVE (THE "CLASS PERIOD"), YOU COULD RECEIVE A PAYMENT FROM A CLASS ACTION SETTLEMENT. CERTAIN PERSONS ARE EXCLUDED FROM THE DEFINITION OF THE SETTLEMENT CLASS AS SET FORTH IN THE STIPULATION AND AGREEMENT OF SETTLEMENT.***

PLEASE READ THIS NOTICE CAREFULLY. YOUR RIGHTS MAY BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and by Order of the United States District Court for the Central District of California, that in the above-captioned litigation (the "Action"), a Settlement has been proposed for $3,500,000.00 in cash. A hearing will be held on _____, 2023, at __:___ .m., before the Honorable Josephine L. Staton, at the United States District Court, Central District of California, 350 West 1st St., Los Angeles, CA 90012, or remotely per details that will be made publicly available on the Settlement website (www.loandepotsettlement.com), for the purpose of determining whether: (1) the proposed Settlement should be approved by the Court as fair, reasonable and adequate; (2) the Judgment as provided under the Stipulation and Agreement of Settlement (the "Stipulation") should be entered dismissing the Action against all Defendants with prejudice; (3) a Settlement Class of all persons, other than Defendants and other excluded persons, who purchased or otherwise acquired loanDepot Stock pursuant to the Registration Statement or during the Class Period (the "Settlement Class"), should be finally certified for purposes of the Settlement only; (4) the proposed Plan of Allocation for distribution of the Settlement proceeds is fair, reasonable and adequate and therefore should be approved; and (5) the application of Lead Counsel for the payment of attorneys' fees and expenses from the Settlement Fund, including interest earned thereon, should be approved and, if so, in what amount; and (6) to award Plaintiffs out

2

1  of the Settlement Fund pursuant to 15 U.S.C. § 78u-4(a)(4) in connection with their
2  representation of the Settlement Class and, if so, in what amount.

3      **IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS DESCRIBED**
4  **ABOVE, YOUR RIGHTS MAY BE AFFECTED BY THE SETTLEMENT OF**
5  **THE ACTION, AND YOU MAY BE ENTITLED TO SHARE IN THE**
6  **SETTLEMENT FUND**. If you have not received a detailed Notice of (i) Proposed
7  Settlement, (ii) Motion for an Award of Attorneys' Fees and Litigation Expenses, and
8  (iii) Settlement Fairness Hearing (the "Notice") and a copy of the Proof of Claim and
9  Release ("Claim Form"), you may obtain a copy of these documents by contacting the
10 Claims Administrator: *loanDepot Settlement* c/o Claims Administrator, 1650 Arch
11 Street, Suite 2210, Philadelphia, PA 19103. You may also obtain copies of the
12 Stipulation, Notice, and Claim Form at www.loandepotsettlement.com.

13     If you are a Settlement Class Member, to be eligible to share in the distribution of
14 the Net Settlement Fund, you must submit a Claim Form by mail postmarked no later
15 than _____, 2023, or submit it online by that date. If you are a Settlement Class
16 Member and do not submit a valid Claim Form, you will not be eligible to share in the
17 distribution of the Net Settlement Fund, but you will still be bound by any judgment
18 entered by the Court in this Action (including the releases provided for therein).

19     To exclude yourself from the Settlement Class, you must mail a written request
20 for exclusion so that it is received by _____, 2023, in accordance with the
21 instructions set forth in the Notice. If you are a Settlement Class Member and do not
22 exclude yourself from the Settlement Class, you will be bound by any judgment entered
23 by the Court in this Action (including the releases provided for therein) whether or not
24 you submit a Claim Form. If you submit a written request for exclusion, you will have
25 no right to recover money pursuant to the Settlement.

26
27
28

SUMMARY NOTICE OF (I) PROPOSED SETTLEMENT; (II) MOTION FOR ATTYS' FEES
AND EXPENSES; AND (III) SETTLEMENT FAIRNESS HEARING
CASE NO. 8:21-CV-01449-JLS-JDE

1        Any objection to the proposed Settlement, the Plan of Allocation of Settlement

2 proceeds, or the fee and expense application must be filed with the Court no later than

3 _____, 2023.

4

5 **PLEASE DO NOT CONTACT THE COURT, THE CLERK'S OFFICE, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.**

6 If you have any questions about the Settlement, or your eligibility to participate in the

7 Settlement, you may contact Lead Counsel at the following address(es) or telephone

8 numbers:

9        Pomerantz LLP

10       Jeremy Lieberman
        600 Third Avenue, 20th Floor

11       New York, NY 10016
        Tel: (212) 661-1100

12       jalieberman@pomlaw.com

13

14 DATED: _____     BY ORDER OF THE COURT

15                     UNITED STATES DISTRICT COURT
                        CENTRAL DISTRICT OF CALIFORNIA

16

17

18

19

20

21

22

23

24

25

26

27

28

SUMMARY NOTICE OF (I) PROPOSED SETTLEMENT; (II) MOTION FOR ATTYS' FEES AND EXPENSES; AND (III) SETTLEMENT FAIRNESS HEARING
CASE NO. 8:21-CV-01449-JLS-JDE

EXHIBIT A-4

---

LaFrano v. loanDepot, Inc., et al.

c/o _____

[Insert]

[Insert]

[Insert]

### *COURT-ORDERED LEGAL NOTICE*

**Important Notice about a Securities Class Action Settlement.**

**You may be entitled to a CASH payment. This Notice may affect your legal rights. Please read it carefully.**

*LaFrano v. loanDepot, Inc., et al.,*
Case No. 8:21-cv-01449-JLS-JDE

[Postage Prepaid]

Name
Address
City, State
Zip

---

*THIS CARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT.*
*PLEASE VISIT WWW.LOANDEPOTSETTLEMENT.COM FOR MORE INFORMATION.*

There has been a proposed settlement of claims against loanDepot, Inc. ("loanDepot" or the "Company"); Anthony Hsieh, Patrick Flanagan, Nicole Carrillo, Andrew C. Dodson, John C. Dorman, Brian P. Golson, Dawn Lepore (the "Individual Defendants," and together with loanDepot, the "loanDepot Defendants"); and the underwriters of loanDepot's initial public offering of common stock completed on February 16, 2021 (the "Underwriter Defendants," and together with the loanDepot Defendants, the "Defendants"). The settlement would resolve a lawsuit in which Plaintiffs allege Defendants disseminated materially false and misleading information to the investing public about loanDepot between February 11, 2021 and September 22, 2021 in violation of the federal securities laws. Defendants deny any wrongdoing. You received this Postcard Notice because you or someone in your family may have purchased or otherwise acquired loanDepot common stock, including shares registered by the Registration Statement on Form S-1 filed by loanDepot with the U.S. Securities and Exchange Commission on January 11, 2021.

Defendants have agreed to pay a settlement amount of $3,500,000. The settlement provides that the Settlement Fund, after deduction of any Court-approved attorneys' fees and expenses, notice and administration costs, and taxes, is to be divided among all Settlement Class Members who submit a valid Proof of Claim Form, in exchange for the settlement of this case and the Release of claims related to this case by Settlement Class Members. **For all details of the settlement, read the Stipulation and full Notice, available at www.loandepotsettlement.com.**

Your share of the settlement proceeds will depend on the number of valid Proof of Claim forms submitted, and the number, size, and timing of your transactions in loanDepot common stock. If every eligible Class Member submits a valid Proof of Claim form, the average recovery will be $0.37 per eligible share before expenses and other Court-ordered deductions. Your award will be determined *pro rata* based on the number of claims submitted. This is further explained in the detailed Notice found on the settlement website.

**To qualify for payment, you must submit a valid and timely Proof of Claim form**. The Proof of Claim form can be found at www.loandepotsettlement.com or will be mailed to you upon request to the Claims Administrator: (855) 999-9077. **Proof of Claim forms must be submitted online or postmarked by _____.** If you do not want to be legally bound by the settlement, you must exclude yourself by _____, or you will not be able to sue Defendants relating to the legal claims in this case. If you exclude yourself, you cannot share in the settlement proceeds. If you want to object to the settlement, you may file an objection by _____. The detailed Notice explains how to submit a Proof of Claim form, request exclusion from the Class, or file an objection.

The Court will hold a hearing in this Action on _____, to consider whether to approve the proposed settlement and the request made by the lawyers representing Plaintiffs and the Class for attorneys' fees up to 28% of the Settlement Fund, plus actual expenses up to $90,000 associated with conducting this litigation and negotiating the settlement. You may attend the hearing and ask to be heard by the Court, but you do not have to. For more information, call toll-free (855-999-9077) or visit the website www.loandepotsettlement.com and read the detailed Notice.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR GARY LAFRANO and ADAM DOBAN, Individually and on Behalf of All Others Similarly Situated, | Case No. 8:21-cv-01449-JLS-JDE |
| | **[PROPOSED] FINAL JUDGMENT** |
| Plaintiffs, | |
| v. | |
| LOANDEPOT, INC.; ANTHONY HSIEH; PATRICK FLANAGAN; NICOLE CARRILLO; ANDREW C. DODSON; JOHN C. DORMAN; BRIAN P. GOLSON; DAWN LEPORE; GOLDMAN SACHS & CO. LLC; BOFA SECURITIES, INC.; CREDIT SUISSE SECURITIES (USA) LLC; MORGAN STANLEY & CO. LLC; BARCLAYS CAPITAL INC.; CITIGROUP GLOBAL MARKETS INC.; JEFFERIES LLC; UBS SECURITIES LLC; WILLIAM BLAIR & COMPANY, L.L.C.; JMP SECURITIES LLC; PIPER SANDLER & CO.; RAYMOND JAMES & ASSOCIATES, INC.; NOMURA SECURITIES INTERNATIONAL, INC.; and AMERIVET SECURITIES, INC., | EXHIBIT B |
| Defendants. | |

On the _____ day of _____, 2023, this matter came before the Court for hearing pursuant to the Order of this Court, dated _____, 2023, on the application of the Parties for approval of the Settlement set forth in the Stipulation and Agreement of Settlement dated July 26, 2023 (the "Stipulation"). Due and adequate notice having been given to the Settlement Class as required in the Order, the Court having considered all papers filed and proceedings held herein and otherwise being fully informed of the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.      This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise stated herein.

2.      This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all members of the Settlement Class.

3.      Pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Stipulation and finds that in light of the benefits to the Settlement Class, the complexity and expense of further litigation, the risks of establishing liability and damages, and the costs of continued litigation, said Settlement is, in all respects, fair, reasonable, and adequate, having considered and found that:

(a)     Plaintiffs and Lead Counsel have adequately represented the Settlement Class;

(b)     the proposal was negotiated at arm's-length between experienced counsel;

(c)     the relief provided for the Settlement Class is adequate, having taken into account (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Settlement Class, including the method of processing Settlement Class Member claims; (iii) the terms of any proposed award of

[PROPOSED] FINAL JUDGMENT
CASE NO. 8:21-CV-01449-JLS-JDE

attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and

(d)     the proposed Plan of Allocation treats Settlement Class Members equitably relative to each other.

4.     Accordingly, the Settlement is hereby approved in all respects and the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof. Except as to any individual claim of those persons or entities who have validly and timely requested exclusion from the Settlement Class (identified in Exhibit 1 hereto), the Action and all claims contained therein are dismissed with prejudice as to the Plaintiffs and the other Settlement Class Members, and as against each and all of the Defendants' Releasees. The Parties are to bear their own costs except as otherwise provided in the Stipulation.

5.     No person or entity shall have any claim against Plaintiffs, the Settlement Class, Plaintiffs' Counsel, Defendants' Releasees, Defendants' Counsel, or the Claims Administrator based on distributions made substantially in accordance with the Settlement, the Stipulation, and the Plan of Allocation, or otherwise as further ordered by the Court.

6.     Upon the Effective Date, Plaintiffs' Releasees and each of the other Settlement Class Members (whether or not such person submitted a Claim Form), on behalf of themselves, and their respective heirs, executors, administrators, trustees, legal representatives, attorneys, agents, predecessors, successors and assigns in their capacities as such, and on behalf of any other person or entity legally entitled to bring Released Plaintiffs' Claims on behalf of any Settlement Class Member, shall be deemed to have, and by operation of law and of the Judgment or Alternative Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice each and every one of the Released Plaintiffs' Claims (including, without limitation, any Unknown Claims) against any and all of Defendants' Releasees, and shall forever be barred and enjoined, to the fullest extent

permitted by law, from commencing, instituting, maintaining, prosecuting or continuing
to prosecute any or all of the Released Plaintiffs' Claims against any of Defendants'
Releasees, in this Action or in any other proceeding.

7.     Upon the Effective Date, Defendants' Releasees, on behalf of themselves,
and their respective heirs, executors, administrators, trustees, legal representatives,
attorneys, agents, predecessors, successors and assigns in their capacities as such, and
on behalf of any other person or entity legally entitled to bring Released Defendants'
Claims on behalf of Defendants, shall be deemed to have, and by operation of law and
of the Judgment shall have, fully, finally and forever compromised, settled, released,
resolved, relinquished, waived and discharged each and every Released Defendants'
Claim (including, without limitation, any Unknown Claims) against Plaintiffs'
Releasees, and shall forever be barred and enjoined from commencing, instituting,
maintaining, prosecuting or continuing to prosecute any or all of the Released
Defendants' Claims against any of Plaintiffs' Releasees, in this Action or in any other
proceeding. This Release shall not apply to any Excluded Defendants' Claims.

8.     The Court hereby affirms its determinations in the Preliminary Approval
Order and finally certifies, for the purposes of the Settlement only, the Action as a class
action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on
behalf of the Settlement Class consisting of all persons and entities who purchased or
otherwise acquired shares of loanDepot's Class A common stock pursuant or traceable
to the Company's registration statement issued in connection with the Company's initial
public offering completed on February 16, 2021 and all persons or entities who
purchased or acquired shares of loanDepot's Class A common stock between March 16,
2021 and September 22, 2021, inclusive (the "Class Period"), and were allegedly
damaged thereby. Excluded from the Settlement Class are: (i) Individual Defendants;
(ii) the immediate family members of the Individual Defendants; (iii) the officers and
directors of loanDepot during the period beginning February 11, 2021 through the end
of the Class Period and their immediate family members; (iv) any firm, trust,

corporation, or other entity in which any Defendant has, or had during the period beginning February 11, 2021 through the end of the Class Period, a majority ownership interest; and (v) the legal representatives, affiliates, heirs, successors-in-interest, or assigns of any such excluded person or entity under clauses (i)-(iv). Also excluded from the Settlement Class are the persons and entities listed on Exhibit 1 hereto, who are excluded from the Settlement Class pursuant to request.

9.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order certifying Plaintiffs as Class Representatives for the Settlement Class and appointing Lead Counsel Pomerantz LLP as Class Counsel for the Settlement Class. Plaintiffs and Lead Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

10.    The distribution of the Postcard Notice and publication of the Notice, Summary Notice, and Claim Form as provided for in the Preliminary Approval Order constituted the best notice practicable under the circumstances, including individual notice to Settlement Class Members who could be identified through reasonable effort. The notice provided was the best notice practicable under the circumstances of these proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all persons or entities entitled to such notice, and said notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process and any other applicable law, including the Private Securities Litigation Reform Act of 1995. No Settlement Class Member is relieved from the terms of the Settlement, including the Releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice

provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged and that the statutory waiting period has elapsed. Thus, it is hereby determined that all members of the Settlement Class are bound by this Judgment, except those persons or entities listed on Exhibit 1 to this Judgment.

11.     Any Plan of Allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment. Any order or proceeding relating to the Plan of Allocation or any order entered regarding any attorneys' fee and expense application, or any appeal from any order relating thereto or reversal or modification thereof, shall not affect or delay the finality of the Final Judgment in this Litigation.

12.     Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Plaintiffs' Claim or of any wrongdoing, fault, or liability of or damages caused by the Defendants' Releasees; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault, liability, or omission of or damages caused by any of the Defendants' Releasees; or (c) is or may be deemed to be or may be used as an admission or evidence that any claims asserted in the Action were not valid or that the amount recoverable was not greater than the Settlement Amount in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. A Defendants' Releasee may file the Stipulation and/or this Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement and

any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses in the Action; and (d) all parties hereto for the purpose of construing, enforcing and administering the Settlement.

14.     The Court finds that during the course of the Action, Plaintiffs, Plaintiffs' Counsel, Defendants, and Defendants' Counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

15.     In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants or their insurers, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated; and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

16.     The Parties shall bear their own costs and expenses except as otherwise provided in the Stipulation or in this Judgment.

17.     Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

18.     The Court directs immediate entry of this Judgment by the Clerk of the Court.

19.     The Court's orders entered during this Action relating to the confidentiality of information shall survive this Settlement.

7

1    IT IS SO ORDERED.

2

3    DATED: _____    _____

4                                    THE HONORABLE JOSEPHINE L. STATON

5                                    UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] FINAL JUDGMENT
CASE NO. 8:21-CV-01449-JLS-JDE