# EXHIBIT A

# EXHIBIT A

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR GARY LAFRANO and ADAM DOBAN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>LOANDEPOT, INC.; ANTHONY HSIEH; PATRICK FLANAGAN; NICOLE CARRILLO; ANDREW C. DODSON; JOHN C. DORMAN; BRIAN P. GOLSON; DAWN LEPORE; GOLDMAN SACHS & CO. LLC; BOFA SECURITIES, INC.; CREDIT SUISSE SECURITIES (USA) LLC; MORGAN STANLEY & CO. LLC; BARCLAYS CAPITAL INC.; CITIGROUP GLOBAL MARKETS INC.; JEFFERIES LLC; UBS SECURITIES LLC; WILLIAM BLAIR & COMPANY, L.L.C.; JMP SECURITIES LLC; PIPER SANDLER & CO.; RAYMOND JAMES & ASSOCIATES, INC.; NOMURA SECURITIES INTERNATIONAL, INC.; and AMERIVET SECURITIES, INC.,<br><br>Defendants. | Case No. 8:21-cv-01449-JLS-JDE<br><br>**FINAL JUDGMENT** |

On the 19th day of April, 2024, this matter came before the Court for hearing pursuant to the Order of this Court, dated January 5, 2024, on the application of the Parties for approval of the Settlement set forth in the Stipulation and Agreement of Settlement dated July 26, 2023 (the "Stipulation"). Due and adequate notice having been given to the Settlement Class as required in the Order, the Court having considered all papers filed and proceedings held herein and otherwise being fully informed of the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise stated herein.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all members of the Settlement Class.

3. Pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Stipulation and finds that in light of the benefits to the Settlement Class, the complexity and expense of further litigation, the risks of establishing liability and damages, and the costs of continued litigation, said Settlement is, in all respects, fair, reasonable, and adequate, having considered and found that:

    (a) Plaintiffs and Lead Counsel have adequately represented the Settlement Class;

    (b) the proposal was negotiated at arm's-length between experienced counsel;

    (c) the relief provided for the Settlement Class is adequate, having taken into account (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Settlement Class, including the method of processing Settlement Class Member claims; (iii) the terms of any proposed award of

|   |   |   |
|---|---|---|
| | | attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and |
| | (d) | the proposed Plan of Allocation treats Settlement Class Members equitably relative to each other. |

4. Accordingly, the Settlement is hereby approved in all respects and the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof. Except as to any individual claim of those persons or entities who have validly and timely requested exclusion from the Settlement Class (identified in **Exhibit 1** hereto), the Action and all claims contained therein are dismissed with prejudice as to the Plaintiffs and the other Settlement Class Members, and as against each and all of the Defendants' Releasees. The Parties are to bear their own costs except as otherwise provided in the Stipulation.

5. No person or entity shall have any claim against Plaintiffs, the Settlement Class, Plaintiffs' Counsel, Defendants' Releasees, Defendants' Counsel, or the Claims Administrator based on distributions made substantially in accordance with the Settlement, the Stipulation, and the Plan of Allocation, or otherwise as further ordered by the Court.

6. Upon the Effective Date, Plaintiffs' Releasees and each of the other Settlement Class Members (whether or not such person submitted a Claim Form), on behalf of themselves, and their respective heirs, executors, administrators, trustees, legal representatives, attorneys, agents, predecessors, successors and assigns in their capacities as such, and on behalf of any other person or entity legally entitled to bring Released Plaintiffs' Claims on behalf of any Settlement Class Member, shall be deemed to have, and by operation of law and of the Judgment or Alternative Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice each and every one of the Released Plaintiffs' Claims (including, without limitation, any Unknown Claims) against any and all of Defendants' Releasees, and shall forever be barred and enjoined, to the fullest extent

permitted by law, from commencing, instituting, maintaining, prosecuting or continuing to prosecute any or all of the Released Plaintiffs' Claims against any of Defendants' Releasees, in this Action or in any other proceeding.

7. Upon the Effective Date, Defendants' Releasees, on behalf of themselves, and their respective heirs, executors, administrators, trustees, legal representatives, attorneys, agents, predecessors, successors and assigns in their capacities as such, and on behalf of any other person or entity legally entitled to bring Released Defendants' Claims on behalf of Defendants, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claim (including, without limitation, any Unknown Claims) against Plaintiffs' Releasees, and shall forever be barred and enjoined from commencing, instituting, maintaining, prosecuting or continuing to prosecute any or all of the Released Defendants' Claims against any of Plaintiffs' Releasees, in this Action or in any other proceeding. This Release shall not apply to any Excluded Defendants' Claims.

8. The Court hereby affirms its determinations in the Preliminary Approval Order and finally certifies, for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class consisting of all persons and entities who purchased or otherwise acquired shares of loanDepot's Class A common stock pursuant or traceable to the Company's registration statement issued in connection with the Company's initial public offering completed on February 16, 2021 and all persons or entities who purchased or acquired shares of loanDepot's Class A common stock between March 16, 2021 and September 22, 2021, inclusive (the "Class Period"), and were allegedly damaged thereby. Excluded from the Settlement Class are: (i) Individual Defendants; (ii) the immediate family members of the Individual Defendants; (iii) the officers and directors of loanDepot during the period beginning February 11, 2021 through the end of the Class Period and their immediate family members; (iv) any firm, trust,

corporation, or other entity in which any Defendant has, or had during the period beginning February 11, 2021 through the end of the Class Period, a majority ownership interest; and (v) the legal representatives, affiliates, heirs, successors-in-interest, or assigns of any such excluded person or entity under clauses (i)-(iv). Also excluded from the Settlement Class are the persons and entities listed on **Exhibit 1** hereto, who are excluded from the Settlement Class pursuant to request.

9. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order certifying Plaintiffs as Class Representatives for the Settlement Class and appointing Jonathan D. Park of Lead Counsel Pomerantz LLP as Class Counsel for the Settlement Class. Plaintiffs and Lead Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

10. The distribution of the Postcard Notice and publication of the Notice, Summary Notice, and Claim Form as provided for in the Preliminary Approval Order constituted the best notice practicable under the circumstances, including individual notice to Settlement Class Members who could be identified through reasonable effort. The notice provided was the best notice practicable under the circumstances of these proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all persons or entities entitled to such notice, and said notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process and any other applicable law, including the Private Securities Litigation Reform Act of 1995. No Settlement Class Member is relieved from the terms of the Settlement, including the Releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice

provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged and that the statutory waiting period has elapsed. Thus, it is hereby determined that all members of the Settlement Class are bound by this Judgment, except those persons or entities listed on **Exhibit 1** to this Judgment.

11.  Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Plaintiffs' Claim or of any wrongdoing, fault, or liability of or damages caused by the Defendants' Releasees; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault, liability, or omission of or damages caused by any of the Defendants' Releasees; or (c) is or may be deemed to be or may be used as an admission or evidence that any claims asserted in the Action were not valid or that the amount recoverable was not greater than the Settlement Amount in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. A Defendants' Releasee may file the Stipulation and/or this Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

12.  Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; and (c) all parties hereto for the purpose of construing, enforcing and administering the Settlement.

13.  The Court finds that during the course of the Action, Plaintiffs, Plaintiffs' Counsel, Defendants, and Defendants' Counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

14. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants or their insurers, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated; and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

15. The Parties shall bear their own costs and expenses except as otherwise provided in the Stipulation or in this Judgment.

16. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

17. The Court awards Class Counsel (1) attorneys' fees in the amount of $875,000 and (2) litigation costs in the amount of $90,000.

18. The Court awards class-representative service awards of $5,000 to each of Arthur Gary LaFrano and Adam Doban, for a total of $10,000.

19. The Court's orders entered during this Action relating to the confidentiality of information shall survive this Settlement.

IT IS SO ORDERED.

DATED: May 24, 2024

_____
HON. JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE

7

**EXHIBIT 1**

Travis Peterman

James Becwar

Nolan Goins

8